COMMONWEALTH *vs.* JOHN M. ACKERS
(and a companion case[1]).

Plymouth.    May 1, 1961. — June 21, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, KIRK, & SPIEGEL, JJ.

*Sex Offender. Imprisonment. Practice, Criminal,* Sentence. *Constitutional Law,* Due process of law, Sex offender. *Law of the Case. Practice, Civil,* Sex offender.

A commitment under G. L. c. 123A, § 6, inserted by St. 1958, c. 646, § 1, of a prisoner under sentence in a correctional institution to a purported treatment center for sexually dangerous persons, which was invalid because the center had not been established in accordance with c. 123A, did not vacate the sentence, and upon release of the prisoner from the custody of the purported center by reason of the invalidity of the commitment he was lawfully returned to the correctional institution and a subsequent petition for his commitment under § 6 to a duly established center was not barred. [67]

This court is not bound by the rule as to the law of the case to follow an erroneous ruling by a trial judge which will lead to an incorrect result. [68]

A proceeding under G. L. c. 123A, § 6, inserted by St. 1958, c. 646, § 1, for the commitment of an alleged "sexually dangerous" prisoner to a treatment center established under c. 123A is civil. [68]

G. L. c. 123A, § 6, inserted by St. 1958, c. 646, § 1, providing for com- .

[1] John M. Ackers, petitioner.

mitment of a "sexually dangerous" prisoner to a treatment center is not vague and indefinite and does not violate the Constitution of Massachusetts or the Constitution of the United States. [68–69]

PETITION for commitment, filed in the Superior Court on September 1, 1960.

PETITION for a writ of habeas corpus, filed in the Superior Court on October 14, 1960.

The cases were heard by *Forte, J.*

*Walter Powers, Jr.,* for Ackers.

*Robert L. Anderson,* Assistant District Attorney, *(Robert M. Ready,* Assistant Attorney General, with him,) for the Commonwealth.

*Robert M. Ready,* Assistant Attorney General, *(Robert L. Anderson,* Assistant District Attorney, with him,) for Superintendent, Massachusetts Correctional Institution at Walpole.

WILLIAMS, J.   These are exceptions taken by one John M. Ackers in proceedings for his commitment to the treatment center of the Massachusetts Correctional Institution at Bridgewater as a sexually dangerous person and an appeal by him from the denial of his petition for a writ of habeas corpus.   On February 9, 1954, Ackers was found guilty on an indictment charging him with assault and battery with intent to murder and on an indictment charging him with the carnal abuse of a female child.   On the first indictment he was sentenced to a term of from five to ten years, and on the second indictment to a term of from fourteen to twenty years in the Massachusetts Correctional Institution at Walpole.

On April 29, 1959, on petition of the district attorney for Plymouth County under G. L. c. 123A, § 6, inserted by St. 1958, c. 646, § 1, he was found by the Superior Court to be a sexually dangerous person and committed to the branch treatment center of the department of mental health at the Massachusetts Correctional Institution at Walpole for a "term of one (1) day to life."

On April 25, 1960, after a hearing on Ackers's petition for the discharge of his commitment, see § 9, a judge of the

Superior Court made the following findings and order: "I find that the petitioner, John M. Ackers, is a sexually dangerous person as defined in G. L. c. 123A, § 1. I find that there was no treatment center established at the Massachusetts Correctional Institution, Walpole, at the time of the petitioner's commitment thereto. It is thereupon ordered and adjudged that the petitioner be released from the custody of the treatment center at the Massachusetts Correctional Institution, Walpole, forthwith."

On September 1, 1960, the district attorney filed a second petition for Ackers's commitment to the treatment center. Therein he stated that, on motion of the acting superintendent of the Correctional Institution at Walpole, Ackers was committed to the treatment center at Bridgewater on July 13, 1960, for examination and diagnosis; that on August 25, 1960, a "Report of Psychiatrists to the Court" clearly indicated that said Ackers was a sexually dangerous person as defined by G. L. c. 123A, § 1, and was in need of care and treatment provided in the treatment center established by said chapter. "Wherefore, pursuant to § 6 of said c. 123A, application is hereby made for the commitment of said John M. Ackers to said treatment center." On October 13, Ackers filed a motion to dismiss the petition for the following reasons: "1. On April 25, 1960, this court ordered and adjudged that the said John M. Ackers be released from the custody of the department of mental health where he was committed after being previously adjudged a sexually dangerous person on April 29, 1959, and the Commonwealth is now barred from bringing a second petition to have the said Ackers again adjudged a sexually dangerous person. 2. The said Ackers is not a prisoner lawfully under sentence in the Massachusetts Correctional Institution, Walpole, Massachusetts. 3. The report of the examining psychiatrists on its face does not show any repetitive or compulsive behavior as required by c. 123A, § 1, of the General Laws (Ter. Ed.) and consequently the said Ackers is not a sexually dangerous person as therein defined." A hearing on the petition was held on November

17, and Ackers's motion to dismiss the petition was denied subject to his exception. At the same time his petition for a writ of habeas corpus, which had been filed on October 14, 1960, was denied. The petition for commitment and the petition for habeas corpus were apparently heard together.

At the hearing there was testimony by a qualified psychiatrist tending to prove that the carnal abuse for which Ackers was serving sentence "was a particularly brutal and vicious rape and assault on the victim. That it was a compulsive act. That the defendant had no remorse for the crime. That the defendant was unstable and a danger to the community. That although this was his only criminal conviction and there was nothing in his conduct in prison to indicate sexual violence or abnormality, the defendant was a sexually dangerous person as defined by G. L. (Ter. Ed.) c. 123A, as amended, and should be committed to the treatment center."

At the close of the evidence, Ackers filed, among others, the following requests for rulings of law: "1. Proceedings under G. L. (Ter. Ed.) c. 123A are criminal in nature as the punishment is a sentence of one day to life and from the nature of the proceedings as defined by the said statute. 2. A person who has been adjudged a sexually dangerous person under G. L. (Ter. Ed.) c. 123A and who is thereafter sentenced for one day to life receives said sentence in lieu of any other sentence for other convictions of a crime." "5. The defendant John M. Ackers having been adjudged a sexually dangerous person by this court on April 29, 1959, and thereafter having been discharged from this commitment on April 25, 1960, was improperly and illegally returned to the Massachusetts Correctional Institution at Walpole to serve a sentence imposed on February 9, 1954, and, consequently, the said Ackers is not properly a prisoner under sentence within the meaning of the said c. 123A." "7. Section 5 and § 6 of the said c. 123A violate and are contrary to the constitutions of the Commonwealth of Massachusetts and the United States."

The judge granted request numbered 1 but denied

requests numbered 2, 5, and 7 to which denials Ackers excepted.

It appears from the docket entries that on November 17, 1960, the judge found Ackers to be a sexually dangerous person and ordered him committed to the Bridgewater treatment center for an indeterminate period, of a minimum of one day and a maximum of his natural life. On the same day, the judge denied his petition for a writ of habeas corpus. Ackers contends in his petition that by his commitment on April 29, 1959, as a sexually dangerous person, his sentences, which he had been serving since 1954, were vacated and that after being released by order of the judge of the Superior Court on April 25, 1960, from the custody of the treatment center he was illegally restrained of his liberty.

The commitment of April 29, 1959, was invalid for reasons discussed in *Commonwealth* v. *Page,* 339 Mass. 313. See *Commonwealth* v. *Hogan,* 341 Mass. 372. Plainly it did not vacate the sentences which Ackers was serving. See *Le Donne, petitioner,* 173 Mass. 550, 551; *Commonwealth* v. *Murphy,* 174 Mass. 369, 372. There was no error in the denial of the petition for habeas corpus.[1]

Turning to the defendant's exceptions to the denial of his motion to dismiss the district attorney's petition of September 1, 1960, and to rulings at the hearing on the petition, there was no error in denying the defendant's motion to dismiss. The defendant was a prisoner under sentence and in the petition for his commitment the district attorney seems to have complied with all preliminary requirements of § 6. The report of the examining psychiatrist to which the defendant refers in his motion does not appear in the record and is not before us.

Request for ruling 2 could not have been given. It refers apparently to the commitment of April 29, 1959, which was held to be invalid and which we have already held is of no effect on the sentences.

There was no error in refusing request 5. We have

---

[1] As to the petitioner's right to appeal see *Stearns, petitioner, ante,* p. 53.

already discussed the issue involved in connection with the petition for habeas corpus.

By request 7, the defendant seeks a ruling that §§ 5 and 6 of c. 123A violate the constitutions of the Commonwealth and of the United States. In his brief, he contends that the statutes are vague and indefinite and that punishing the defendant twice for one criminal act places him twice in jeopardy. We are concerned only with § 6 under which the district attorney filed his petition for commitment. Although the trial judge granted the defendant's request 1 thereby ruling that proceedings under G. L. c. 123A are criminal in nature, we do not agree. We are not bound by the rule as to the law of the case to follow an erroneous ruling which in our opinion would lead to an incorrect result. *Gleason* v. *Hardware Mut. Cas. Co.* 331 Mass. 703, 710, and authorities cited. *Shine* v. *Campanella & Cardi Constr. Co.* 342 Mass. 150, 152–153. The proceeding for the commitment of a sexually dangerous person is, we think, manifestly civil. See *Commonwealth* v. *Page,* 339 Mass. 313, 317. Chapter 123A was enacted to provide for the "care, treatment and rehabilitation of sexually dangerous persons," who are defined in § 1 as persons whose misconduct in sexual matters indicates a general lack of power to control their sexual impulses, as evidenced by repetitive or compulsive behavior and either violence or aggression by an adult against a victim under the age of sixteen. It is similar in purpose to St. 1953, c. 645, providing for the commitment of defective delinquents (see Report of the Special Commission on the Commitment, Care and Treatment of Criminally Insane and Defective Delinquents, 1954 House Doc. 2780), which we held in *Dubois, petitioner,* 331 Mass. 575, 578, to be in no sense a criminal or penal statute. See G. L. c. 123, § 113. It does not purport to define a crime and imposes no penalty. The only custody involved is that which necessarily accompanies the treatment of persons already under sentence for past offences.

The statute cannot be held vague and indefinite. Its provisions carefully define the mental condition for which

treatment is to be afforded and the procedural steps required for such treatment. See *Minnesota* v. *Probate Court of Ramsey County*, 309 U. S. 270. The defendant advances no sound reason for holding it unconstitutional. There was no error in denying request 7.

> *Order dismissing petition for issuance of a writ of habeas corpus affirmed. Defendant's exceptions overruled.*