**Fred CULLINS, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 8062.**

United States Court of Appeals Tenth Circuit.

July 15, 1965.

Rehearing Denied Aug. 17, 1965.

John R. Smyth, Cheyenne, Wyo. (Roncalio, Graves & Smyth, Cheyenne, Wyo., were with him on the brief), for appellant.

Richard H. Seaton, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, was with him on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is an appeal from a dismissal without hearing of appellant's petition for habeas corpus. Appellant was charged in Kansas with a sex offense against young girls. At arraignment he appeared with counsel and pleaded guilty to a violation of Kan.G.S.1957 Supp. § 38–711. His attorney moved that sentence be deferred pending a report of the mental examination provided by Kan. G.S.1957 Supp. § 62–1534 in sex cases where perversion or mental aberration appears to exist. The court took appropriate action to defer sentence. After receiving the report the court found that the welfare of the appellant and the protection of the community required that he be committed to a state hospital, and entered an order so committing him until the further order of the court or until restored mentally. See Kan.G.S.1957 Supp. §§ 62–1536 and 62–1537.

Appellant was in the state hospital a little over three years and was then returned to the state court where he again appeared with his attorney. The court found that he had been restored mentally and was subject to sentence or parole under Kan.G.S.1961 Supp. § 62–1537. Appellant was then sentenced to a term of not less than one or more than five years in the state penitentiary.

The contention is that appellant has been placed in double jeopardy by the

commitment to the state hospital and the subsequent sentence to the state penitentiary. Counsel also point out that the maximum sentence for the offense is five years under Kan.G.S.1961 Supp. § 38–711 and that the addition of the maximum sentence term of five years to the three years spent in the hospital exceeds the permissible.

The questions of double jeopardy and excessive sentence were submitted in a prior habeas corpus petition filed in the federal district court and identified as No. 3592 H.C. In that habeas proceeding the district court appointed an attorney for appellant, held a hearing and found that the Kansas procedures did not violate the principles of double jeopardy and that the sentence was valid. No appeal was taken from that decision and no reason is now advanced for failure to appeal.

In the present habeas proceedings, No. 3731 H.C. in the district court, the appellant reasserted the grounds presented in No. 3592 H.C. The district court found that the contentions of excessive sentence and double jeopardy had been disposed of in No. 3592 H.C. and that the ends of justice did not require re-examination.

■ Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148, permits controlling weight to be given the denial of a prior application for federal habeas relief if (1) the same ground was determined adversely to the applicant in the prior proceedings, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

■■ In the instant case the same grounds were presented in the first habeas petition, were heard on the merits, and were determined adversely to the appellant. Our only concern is with the question of substantial justice. We have examined the applicable Kansas statutes and are satisfied that the state proceedings were in conformity therewith and the sentence valid. Such statutes represent a proper and valid exercise of the police power as a measure of public safety. People v. Piasecki, 333 Mich. 122, 52 N.W.2d 626, 629–630; see also annotation in 24 A.L.R.2d 354. Appellant through his counsel invoked the Kansas statute. The situation is of his own making and he may not now complain. Cf. Bryan v. United States, 338 U.S. 552, 560, 70 S.Ct. 317, 94 L.Ed. 335, and Stroud v. United States, 10 Cir., 283 F.2d 137, 140, certiorari denied 365 U.S. 864, 81 S.Ct. 834, 5 L.Ed.2d 826. Only one criminal sentence has been imposed. The commitment to the state hospital was, in part at least, for his own good. States having statutes comparable to Kansas have held that in similar circumstances there is no violation of the double jeopardy clause. See Commonwealth v. Dagle, 345 Mass. 539, 188 N.E.2d 450, 452; Commonwealth v. Ackers, 343 Mass. 63, 175 N.E.2d 677, 680; Ex parte Keddy, 105 Cal.App.2d 215, 233 P.2d 159, 161. In the instant case the conclusions reached by the trial court on the first habeas petition were correct and it was not required to reexamine these issues upon their second assertion.

■■ The appellant further says that counsel appointed to represent him in the first habeas hearing was ineffective but does not point out how or why such counsel was ineffective. Habeas corpus is a civil remedy. Fay v. Noia, 372 U.S. 391, 423–424, 83 S.Ct. 822, 9 L.Ed.2d 837. The Sixth Amendment provisions relating to assistance of counsel apply to criminal prosecutions. In civil cases such as this where the proceedings are in forma pauperis, 28 U.S.C. § 1915(d) empowers the court to "request an attorney to represent any such person unable to employ counsel." Although the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment, counsel should be appointed in post conviction matters when disposition cannot be made summarily on the face of the petition and record. When counsel is so appointed he must be effective and competent. Otherwise, the appointment is a useless formality.

Here counsel was appointed to present the first habeas petition. We have examined the files and record of that proceeding and the able brief which counsel there presented. We agree with the trial court that the general charges of ineffectiveness are utterly without merit.

Affirmed.