THE STATE OF OHIO, APPELLEE, *v.* CASTRO, APPELLANT.

[Cite as State v. Castro (1979), 67 Ohio App. 2d 20.]

(No. 39316—Decided October 11, 1979.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.
*Mr. Albert A. Pottinger,* for appellant.

KRUPANSKY, J. On May 24, 1972, Samuel Castro, defendant below and appellant herein, was found guilty of first degree murder by a three-judge panel, having previously waived his right to a jury trial. On June 14, 1973, appellant's conviction was affirmed by this court.

Appellant filed a petition for postconviction relief on June 22, 1976, alleging he was denied effective assistance of

counsel. Said petition was dismissed on July 21, 1976. The record indicates no appeal was taken from this ruling.

On February 9, 1978, appellant filed a second petition for postconviction relief. On March 21, 1978, the state's motion for summary judgment was granted and appellant's petition for relief was denied without a hearing.

Appellant assigns the following errors on appeal:

(1) "The trial court erred in dismissing defendant-appellant's petition to vacate judgment without an evidentuary [*sic*] hearing."

(2) "The trial court erred in failing to appoint counsel for an indigent to represent him in his petition to vacate judgment and made no comment on this in its decision of dismissal."

We affirm the judgment of the trial court for the following reasons.

We find no merit in the arguments raised by appellant in this appeal. R. C. 2953.21(C) and (E) provide that a petitioner is not entitled to an oral hearing where the entire record of the case demonstrates there is no merit to his claims for relief. Appellant argues, in his first issue on postconviction relief, that, being a native-born Puerto Rican, he had an insurmountable language barrier which prevented him from understanding the proceedings against him. The record reveals at the time of trial appellant had been in this country for over twenty years, having left Puerto Rico at the age of eighteen. Furthermore, appellant was employed in this country for many years. Appellant's responses at trial clearly indicate he understood the proceedings and was fully able to communicate in the English language.

Appellant argues that his attorney was unable to properly question and interview appellant's children and other witnesses in the Spanish-speaking community. However, the record reveals all appellant's children were born and raised in this country and were fluent in the English language. All other witnesses to the events described at trial were likewise fully conversant in English and testified coherently. Appellant, in his petition and in his arguments on appeal, has failed to point out a single necessary witness who was not called to testify due to communication problems. The trial court properly dismissed this argument without granting appellant a hearing.

Furthermore, the record before this court reveals the

issue of effective assistance of counsel, which apparently was the second issue raised in the second postconviction petition, was already raised and determined by the trial court in its dismissal of appellant's first postconviction petition. Since no appeal was taken from the dismissal of the first petition, the issue of effective assistance of counsel as raised by both petitions is *res judicata.* See *State* v. *Perry* (1967), 10 Ohio St. 2d 175, for the applicability of the doctrine of *res judicata* to postconviction proceedings.

The record before this court clearly reveals appellant had a fair trial and substantial justice was done. Appellant's trial counsel performed competently. We find no merit in any allegations to the contrary.

Appellant's first assignment of error is overruled.

In his second assignment of error appellant argues the trial court erred in failing to appoint counsel. This argument lacks merit.

The appointment of counsel for postconviction proceedings is a matter of judicial discretion which may be exercised pursuant to the public defender statutes, specifically R. C. 120.16 and 120.26. Counsel for postconviction proceedings is not a matter of right in Ohio, neither constitutional, nor statutory.

At the outset, it is clear that while "[a] convicted defendant has a constitutional right to counsel on a direct appeal to the Court of Appeals from his judgment of conviction" (*State* v. *Catlino* [1967], 10 Ohio St. 2d 183, paragraph one of the syllabus; *Douglas* v. *California* [1963], 372 U. S. 353), the constitutional right to counsel "***does not extend to appeals from a denial of relief in postconviction proceedings for the vacation of sentences which have become final and are no longer subject to appeal" (*Henderson* v. *State* [1967], 11 Ohio App. 2d 1, at page 3; see, also, *State* v. *Ratliff* [1969], 20 Ohio App. 2d 20).

Likewise, with the repeal of R. C. 2953.24, effective January 13, 1976 (see 136 Ohio Laws 1895), a convicted defendant possesses no statutory right to counsel under such circumstances. *State* v. *Vasarab* (Cuyahoga Co. Ct. of Appeals No. 36875, November 10, 1977), unreported.

Furthermore, the repeal of R. C. 2941.50, effective January 13, 1976 (see 136 Ohio Laws 1895), leaves the Courts

of Appeals without express statutory power to appoint counsel for purposes of appealing a denial of postconviction relief.

However, R. C. 120.16 and 120.26 seem to leave a discretionary power with any court to appoint counsel to indigent persons even where the public defender refuses to prosecute a particular remedy for lack of arguable merit to the proceeding.

Therefore, on postconviction relief no right to counsel exists, either constitutional or statutory, but the courts, within their discretion, may appoint counsel.

Appellant's reliance on R. C. 2953.24 is misplaced, as that statute was no longer in effect when these proceedings were instituted.

Appellant's second assignment of error is overruled.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

KRENZLER, P. J., and PATTON, J., concur.