Baby Ray TERRELL, Petitioner,

v.

Michael DUTTON, etc., et al.,
Respondents.

Civ. A. No. 3:86–0905.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 27, 1986.

On Motion for Certificate of Probable
Cause Jan. 2, 1987.

Baby Ray Terrell, pro se.

Jerry Smith, Asst. Atty. Gen., Nashville, Tenn., for respondents.

### MEMORANDUM OPINION, ORDERS AND CERTIFICATE

NEESE, Senior District Judge, sitting by designation and assignment.

The petitioner Mr. Baby Ray Terrell applied *pro se* to this Court for the federal writ of habeas corpus. He claims that he is in the custody of the respondent-warden within this District pursuant to the judgment of November 6, 1981 of the Criminal Court of Tennessee for its 30th judicial district (encompassing Shelby County, within the Western District of Tennessee, 28 U.S.C. § 123(c)(2)), in violation of the Constitution, First and Fourteenth Amendments. 28 U.S.C. §§ 2241(c)(3), 2254(a).

Mr. Terrell claims he has exhausted the remedies available to him on the questions he seeks to present to this Court. 28 U.S.C. §§ 2254(b), (c). He asserts that he applied to the immediately-aforenamed Court for post-conviction relief on the ground of "Ineffective Assistance of Counsel" and was denied relief therein on March 8, 1984. He assigned no reason for failure to appeal from that judgment.

The applicant alleges that he then applied again to the same Court for relief, claiming "Denial of a full, fair hearing on all available grounds for relief during the hearing on the second petition [a first application had been withdrawn "for lack of proper drafting"] for post conviction relief," which was dismissed summarily on February 28, 1986 "on the basis that the petition did not contain grounds with legal basis." The applicant states he did not appeal from the judgment in the latter matter "because my legal research convinced me that the post conviction court's order, denying relief, was based on sound fact and law and to appeal the court's decision would have served no useful purpose."

The verbose and overly-lengthy grounds urged by the applicant all relate to his claim of the ineffective assistance of counsel in his post-conviction proceedings in the courts of Tennessee, which, he claims denied him his guaranteed federal rights under the Constitution, First and Fourteenth Amendments. The Post-Conviction Procedure Act of Tennessee, T.C.A. §§ 40–30–101, *et seq.*, is an expansion of the traditional remedies of habeas corpus "which is limited in its nature and scope" under Tennessee law and which was enacted for that reason. *Luttrell v. State,* 644 S.W.2d 408, 408–409 [2] (Tenn.Cr.App.1982).

■ In each of its forms: "Habeas corpus is a civil remedy. *Fay v. Noia,* 372 U.S. 391, 423–424, 83 S.Ct. 822, 840–841, 9 L.Ed.2d 837. The Sixth Amendment provisions relating to assistance of counsel apply to criminal prosecutions. * * * [T]he right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment * * *," *Cullins v. Crouse,* 348 F.2d 887, 889 [4, 5] (10th Cir. 1965); neither do federal rights under the Constitution, First and Fourteenth Amendments, attach hereto in the manner suggested by the applicant.

Thus, the allegations of the applicant did not amount to a claim that he is held in custody in violation of the federal Constitution. "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, [1], 71 L.Ed.2d 783 (1982) ("If a state prisoner alleges no deprivation of a federal right [sufficient to support habeas relief], [28 U.S.C.] § 2254 is simply inapplicable," at n. 19).

It appearing plainly on preliminary examination of the face of the applicant's petition and the data exhibited therewith that he is not entitled to any relief in this Court, his petition hereby is

DISMISSED summarily. Rule 4, Rules —§ 2254 Cases. The clerk will so notify the petitioner and shall serve forthwith by certified-mail on the respondent-warden and the attorney general and reporter of

Tennessee a copy of such petition and of this order, *id.*

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered thereon herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R. App.P. As the applicant states no claim on which the requested relief can be granted, such certificate will NOT issue. *id.*

### On Motion for Certificate of Probable Cause

The petitioner Mr. Baby Ray Terrell has made a motion for a certificate of probable-cause to appeal to the United States Court of Appeals for the Sixth Circuit. This Court denied the issuance of such certificate in its order of October 27, 1986 herein.

Mr. Terrell gave notice of appeal on November 17, 1986; therefore, this Court lacks the jurisdiction to entertain his motion herein. However, Mr. Terrell may apply directly to our Court of Appeals for a certificate of probable-cause should he so desire.

"If the district judge [who rendered the habeas corpus judgment] has denied the certificate [of probable cause], the applicant for the writ may then request issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals." Rule 22(b), F.R.App.P.