47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas G. MANOS, Petitioner-Appellant,
v.
Betty MITCHELL, Respondent-Appellee.
 No. 94-3944.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1995.
 
 1
 Before: NELSON and NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Thomas G. Manos appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Pursuant to a plea agreement, petitioner pleaded guilty in the Cuyahoga County, Ohio, Court of Common Pleas in 1992 to four counts of making a false tax return and three counts of theft. Petitioner was sentenced to maximum consecutive one and one-half year sentences for each count of making a false tax return and consecutive two year sentences for each theft count, for a cumulative sentence of twelve years of imprisonment. An additional fine was vacated by the Ohio Court of Appeals on direct appeal, but petitioner's convictions and sentences otherwise were affirmed. State v. Manos, No. 64616, 1994 WL 43898 (Ohio Ct. App. Feb. 10, 1994). Petitioner did not seek review by the Ohio Supreme Court.
 
 
 4
 While his direct appeal was pending before the Court of Appeals, petitioner filed a petition for a writ of habeas corpus in the Hocking County, Ohio, Court of Common Pleas. That court denied the petition, and the Ohio Court of Appeals affirmed the judgment. Manos v. Shiplevy, No. 93CA9, 1993 WL 386331 (Ohio Ct. App. Sept. 29, 1993). The Ohio Supreme Court denied petitioner's subsequent motion for leave to appeal. Manos v. Shiplevy, 626 N.E.2d 688 (Ohio 1994). In addition, petitioner filed two motions for post-conviction relief in the sentencing court, both of which were denied. An appeal to the Ohio Court of Appeals taken from the denial of one of the motions was dismissed for failure to file the record on appeal. Otherwise, petitioner did not attempt to appeal the denial of either motion for post-conviction relief.
 
 
 5
 Thereafter, petitioner filed his petition for habeas corpus relief in the district court alleging fourteen grounds for relief. Respondent filed a return of the writ, and petitioner filed a traverse. The district court denied the petition as without merit. Thereafter, the district court issued petitioner a certificate of probable cause to appeal.
 
 
 6
 Upon consideration, the judgment is affirmed for reasons somewhat different from those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir. 1985) (per curiam). First, the district court properly concluded that petitioner is procedurally barred from presenting to Ohio courts the claims which could have been litigated on direct appeal. See State v. Perry, 226 N.E.2d 104, 105-06 (Ohio 1967) (syllabus paragraphs 6-9). However, petitioner is also barred from pursuing a further motion for post-conviction relief in the state courts. See State v. Castro, 425 N.E.2d 907, 909 (Ohio Ct. App.1979). Petitioner defaulted the claims asserted in his motions for post-conviction relief by his failure to appeal the denial of those motions to the Ohio appellate courts. Therefore, petitioner is required to show cause and prejudice to excuse his default of all of his claims. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); Murray v. Carrier, 477 U.S. 478, 488 (1986); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991).
 
 
 7
 Petitioner cannot show cause or prejudice to excuse the default of any of his claims. The only allegation made in the district court or on appeal which could be construed as cause for the default is a claim that petitioner asked appointed counsel to argue his speedy trial and additional unspecified constitutional claims on direct appeal. However, this allegation simply does not excuse or explain petitioner's failure to pursue appeals in the state courts from the denial of his motions for post-conviction relief. Finally, the district court properly concluded that this case does not reflect circumstances in which cause and prejudice need not be shown such as where a petitioner is actually innocent or where a miscarriage of justice will otherwise occur. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Murray, 477 U.S. at 495-96. Under these circumstances, petitioner's default cannot be excused.
 
 
 8
 For the foregoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation