OPINION
Defendant-appellant, Darryl Blankenship, proceeding pro se, appeals a decision of the Butler County Court of Common pleas in which the court dismissed his petition for postconviction relief without holding an evidentiary hearing. We affirm.
The factual details pertaining to the circumstances of appellant's conviction herein are detailed in this court's decision in State v. Blankenship (1995), 102 Ohio App.3d 534. Appellant was found guilty of three counts of having weapons while under disability in violation of R.C. 2923.13(A) with firearm specifications pursuant to R.C. 2929.71. The trial court sentenced appellant to a three-to-five year term of imprisonment on each of the three counts. The trial court also sentenced appellant to a three-year term of actual incarceration on each of the three firearm specifications. The trial court ordered all of the sentences to be served consecutively.
On direct appeal, this court affirmed the conviction, State v. Blankenship (1995), 102 Ohio App.3d 534, jurisdictional motion overruled (1995), 73 Ohio St.3d 1426, application to reopen denied, (Aug. 8, 1995), Butler App. No. CA94-05-118, unreported, denial of reopening affirmed in State v. Blankenship (1996),74 Ohio St.3d 522. On July 12, 1995 the trial court denied a second motion for a new trial which was allegedly based on newly discovered evidence. That judgment was affirmed on appeal by this court. State v. Blankenship (Dec. 18, 1995), Butler App. No. CA95-07-120, unreported, jurisdictional motion overruled, State v. Blankenship (1996), 75 Ohio St.3d 1484. The trial court also denied a motion to vacate or correct appellant's sentence filed April 11, 1996 and this court dismissed an appeal from that decision for lack of final appealable order. State v. Blankenship (May 21, 1996), Butler App. No. CA96-04-087, unreported, jurisdictional motion overruled, 77 Ohio St.3d 1445; this court also denied a motion to certify its May 21, 1996 decision to the Ohio Supreme Court in State v. Blankenship (June 26, 1996), Butler App. No. CA96-04-087, unreported.
On June 25, 1996, appellant filed a delayed motion for a new trial claiming that new evidence was available. This new evidence was a default judgment obtained in a civil action brought in 1993 against Michelle D. McIntosh. The trial court ruled that the subject matter of the civil action was known to appellant prior to the time of criminal trial and that the evidence presented was cumulative to that presented at trial. The trial court denied appellant's motion for a new trial on March 4, 1997.
On September 3, 1996, appellant filed a petition for postconviction relief, alleging eleven claims for relief. On March 13, 1997, the trial court denied the petition. Appellant appealed the denial of the motion for a new trial and also the denial of the motion for postconviction relief. These matters were consolidated into the instant appeal. Appellant argues five assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED PLAIN ERROR, ABUSED ITS DISCRETION, AND DENIED APPELLANT HIS RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, WHERE THE TRIAL COURT DENIED APPELLANT'S FIRST, SECOND, FIFTH, SIXTH, EIGHTH AND ELEVENTH CLAIMS UNDER THE DOCTRINE OF RES JUDICATA.
Appellant's petition for postconviction relief alleged eleven claims for relief. The trial court found that appellant's first, second, fifth, sixth, eighth, and eleventh claims were barred by the doctrine of res judicata as they were or could have been raised on direct appeal. A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except on appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id. at syllabus.
In reviewing whether a trial court erred in denying a petition for postconviction relief on the basis of res judicata, an appellate court must examine whether the lower court abused its discretion. State v. Wilson (Feb. 10, 1988), Summit App. Nos. 13275 and 13392, unreported, at 6. The term "abuse of discretion" connotes more than an error of law; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
A review of the record supports the trial court's finding that these claims were clearly barred by the doctrine of res judicata as they were or could have been raised on direct appeal. Accordingly, the trial court's decision was neither unreasonable, arbitrary nor unconscionable and a hearing was properly denied on appellant's first, second, fifth, sixth, eighth, and eleventh claims for relief. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED PLAIN ERROR, ABUSED ITS DISCRETION, AND DENIED APPELLANT HIS RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, WHERE THE TRIAL COURT DENIED APPELLANT'S FIFTH, SEVENTH, EIGHTH, NINTH AND TENTH CLAIMS FOR RELIEF ON THE BASIS THAT APPELLANT FAILED TO OFFER EVIDENCE CONTAINING SUFFICIENT OPERATIVE FACTS TO SUPPORT HIS ALLEGATIONS.
Appellant argues that the trial court erred in denying him an evidentiary hearing based on his fifth, seventh, eighth, ninth, and tenth claims for relief. Appellant argues that his constitutional claims are supported by twenty-three documents which were outside the original record and therefore the doctrine of res judicata is not applicable. However, the mere presentation of evidence outside the record will not, by itself, guarantee a right to an evidentiary hearing. To overcome the res judicata bar, the evidence offered dehors the record must show that the petitioner could not have appealed the constitutional claim based upon information in the original trial record. State v. Cole (1982), 2 Ohio St.3d 112. Furthermore, evidence offered dehors the record must meet a threshold standard of cogency. State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, unreported.
Upon review of the record, the trial court found, and we concur, that the evidence offered by appellant in support of his fifth, seventh, eighth, ninth, and tenth claims was not genuinely significant and did not materially advance appellant's claim to overcome the res judicata bar. State v. Franklin (Jan. 25, 1995), Hamilton App. No. C-930760, unreported, following State v. Steffan (May 11, 1994), Hamilton App. No. C-930351, unreported. Accordingly, the trial court properly denied appellant an evidentiary hearing on his fifth, seventh, eighth, ninth, and tenth claims for relief. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT COMMITTED PLAIN ERROR, PREJUDICIAL TO APPELLANT, WHERE THE COURT FAILED TO HOLD AN EVIDENTIARY HEARING TO GIVE APPELLANT OPPORTUNITY TO PROVE HIS CLAIMS.
As discussed in the first and second assignments of error, the trial court properly denied appellant's request for an evidentiary hearing on his first, second, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh claims for relief. Appellant's third and fourth claims will be discussed separately.
Appellant in his third claim for relief argues that he was denied his constitutional right to a speedy trial. Appellant argues that portions of the record were deliberately destroyed, thereby depriving him of his right to a fair and speedy trial. The trial court properly held that this claim was barred by res judicata. The court further explained that even assuming, arguendo, that appellant had filed a motion for a speedy trial on October 18, 1993, that the record reflects that the matter was set for trial on March 15, 1994, and that a forty-eight day continuance was granted on motion by the appellant from March 15, 1994 to the trial date of May 2, 1994. The one hundred eighty-day period specified in R.C. 2941.401 is subject to extension by any necessary and reasonable continuance and appellant cannot complain of a continuance granted on his own motion. Therefore, the trial court properly denied appellant an evidentiary hearing on his third claim for relief.
Appellant in his fourth claim for relief argues that he was denied his constitutional right to effective assistance of conflict-free counsel. Appellant claimed that his trial counsel suffered from a conflict of interest because trial counsel's law partner had represented appellant on his original conviction for aggravated robbery which constituted the disability and prior violence specification herein.
The trial court noted that a similar conflict of interest claim was made by appellant against his attorney in a previous petition for postconviction relief. "The doctrine of res judicata is applicable to consecutive postconviction proceedings; therefore, an issue raised in a prior proceeding is res judicata for the purpose of subsequent postconviction proceedings." State v. Castro (1979), 67 Ohio App.2d 20, syllabus. Therefore, the trial court properly denied appellant an evidentiary hearing on his fourth claim for relief. Based on the foregoing, appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT DENIED APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION WHERE THE JUDGMENT OF THE TRIAL COURT IS NOT SUPPORTED BY THE EVIDENCE AND IS CONTRARY TO THE EVIDENCE.
Appellant argues that the trial court's decision denying an evidentiary hearing is unsupported by the evidence and contrary to the evidence presented. We disagree. If the evidence dehors the record is cumulative to, or alternative to, material presented at trial, the court may deny a hearing. State v. Powell (1993), 90 Ohio App.3d 260, 270. In the instant case, the evidence presented by appellant, including the twenty-three exhibits discussed in the second assignment error, were merely cumulative to the evidence presented at trial.
At trial, appellant presented a defense that his car had been stolen by his ex-girlfriend, Michelle McIntosh. In the car were his driver's license and his checkbook. At trial, appellant attempted to convince the jury that his ex-girlfriend had used his stolen checks and driver's license to purchase the weapons. The jury was not convinced and convicted appellant on all counts.
Appellant now attempts to use a default judgment obtained after the trial against McIntosh as newly discovered evidence that proves that McIntosh stole his vehicle, his checkbook and his driver's license and used the checkbook and driver's license to purchase the weapons. The trial court held, and we agree, that this evidence offers no new revelations and is merely cumulative to the testimony offered by appellant at trial. Accordingly, appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT A FULL AND FAIR HEARING ON HIS MOTION FOR NEW TRIAL, DENYING FUNDAMENTAL FAIRNESS AND DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.
Crim.R. 33(A) allows a trial court to entertain a motion for a new trial based on newly discovered evidence. The allowance of a motion for a new trial on the grounds of newly discovered evidence is within the competence and discretion of the trial judge and in the absence of a clear showing of abuse such decision will not be disturbed. State v. Hill (1992), 64 Ohio St.3d 313, citing State v. Williams (1975), 43 Ohio St.2d 88, syllabus. In State v. Petro (1947), 148 Ohio St. 505, syllabus, the Supreme Court held:
 [t]o warrant the granting of a motion for a new trial in a criminal case, based on the grounds of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
Appellant argues that newly discovered evidence would have affected the result of his trial. As discussed in appellant's fourth assignment of error, this evidence consists of a default judgment in a civil case filed by appellant against Michelle McIntosh. This newly discovered evidence offers no new revelations and is merely cumulative of the testimony offered by appellant at trial. Therefore, we do not find that the trial court abused its discretion in denying appellant's motion for a new trial. Appellant's fifth assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., WALSH and BROGAN, JJ., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), of the Ohio Constitution.