I respectfully dissent.
Joe D'Ambrosio, under a sentence of death, claims the attorney appointed to file his 1996 petition for post-conviction relief was prejudicially incompetent, and filed such a woefully inadequate petition that Judge Michael J. Corrigan dismissed it without hearing three days after it was filed. He requests only that his case be remanded for appointment of a qualified attorney and that attorney be given time to prepare an appropriate post-conviction petition. I would agree, vacate and remand.
On September 24, 1988, D'Ambrosio, Edward Espinoza and Thomas Keenan, in an attempt to locate Paul Lewis who, Keenan claimed, had robbed him of dope, kidnapped Lewis's friend, Anthony Klann. Eventually, unable to locate Lewis, Keenan slit Klann's throat and D'Ambrosio repeatedly stabbed Klann in the chest and trunk, all of which resulted in Klann's death.
D'Ambrosio was indicted on: (1) aggravated murder with prior calculation and design; (2) aggravated felony murder; (3) kidnapping; and (4) aggravated burglary. He waived a jury, was tried before a three-judge panel on February 9, 1989, and was found guilty on all counts. Following the penalty phase hearing, the panel found that the aggravating circumstances outweighed the mitigating factors beyond a reasonable doubt and sentenced him to death. On appeal, the convictions and death sentences were affirmed. State v. D'Ambrosio (Aug. 30, 1990), Cuyahoga App. No. 57448, unreported. The Ohio Supreme Court affirmed the convictions but remanded the case to this court for an independent review of the death sentence. State v. D'Ambrosio
(1993), 67 Ohio St.3d 185, 616 N.E.2d 909. We, again, affirmed the convictions and death sentence, State v. D'Ambrosio (Nov. 24, 1993), Cuyahoga App. No. 57448, unreported, as did the Ohio Supreme Court in State v. D'Ambrosio (1995), 73 Ohio St.3d 141,652 N.E.2d 710. D'Ambrosio's Petition for Writ of Certiorari, filed in the United States Supreme Court, was denied on April 29, 1996.
Although not contained in the record, D'Ambrosio apparently took advantage of the opportunity presented by Senate Bill No. 4, amending R.C. 2953.21 and .23, effective September 21, 1995, that enabled a person to seek post-conviction relief, if sentenced before that date, by filing a petition for such relief prior to September 21, 1996. He must have been successful, because on April 3, 1996, Daniel Shields was appointed as his lawyer for postconviction relief proceedings.
Shields filed D'Ambrosio's petition on September 23, 1996, a Monday, and Judge Corrigan denied it on September 27, 1996, through an order journalized October 3, 1996. Findings of fact and conclusions of law were issued by successor Judge Richard Lillie on July 22, 1998. He found that nothing outside the record was attached and the doctrine of res judicata precluded any review of the claims in the petition. This appeal was taken.
During the pendency of this appeal, D'Ambrosio filed a motion for Civ.R. 60 (B) with the trial court and a motion to remand in this court. We granted the remand on January 11, 1999, successor Judge Ann Mannen denied the motion for relief from judgment on February 2, 1999, and the case returned to this court.
D'Ambrosio's sole assignment of error states:
 THE TRIAL COURT'S DISMISSAL OF APPELLANT'S POST-CONVICTION PROCEEDING MUST BE REVERSED AND APPELLANT'S CASE REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS THAT QUALIFIED COUNSEL BE APPOINTED AND THAT APPELLANT BE GRANTED SUFFICIENT TIME AND RESOURCES TO FILE A PROPERLY SUPPORTED POST-CONVICTION PETITION IN ORDER TO PRESERVE APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
D'Ambrosio agrees, based upon the date of his conviction, there was no due process right to appointed counsel for death penalty post-conviction relief proceedings, Murray v. Giarratano (1989),492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1, until October 16, 1996, when R.C. 2953.21 (I) mandated the appointment of specially qualified attorneys. He contends, however, that once Ohio established post-conviction procedure and recognized the right to petition for that relief in 1965, he was guaranteed a constitutionally protected due process interest in the right to seek meaningful post-conviction relief and, clearly in death penalty cases, if afforded counsel, he must be afforded competent counsel.
The state counters that the October 16, 1996, enactment of R.C.2953.21(I)(2), expresses the legislative intent that claims of ineffectiveness or incompetence of counsel during post-conviction relief proceedings would not constitute grounds for relief in an appeal of any action under this section. Additionally it argues, Ohio does not allow convicted defendants to refile their first post-conviction petition as though it had never been ruled upon and that D'Ambrosio should seek further relief under R.C.2953.23. It also submits that the dismissal of his petition was proper on the grounds of res judicata.
The state is incorrect in its assertion that ineffective or incompetent assistance of counsel during post-conviction relief proceedings cannot be grounds for this appeal.[1] As D'Ambrosio's lawyer was appointed, and his petition filed and denied before the enactment of R.C. 2953.21(I)(2) effective October (1996), that statute is inapplicable to the post-conviction petition here. It appears instead that D'Ambrosio's attorney was appointed pursuant to R.C. 120.16 and R.C. 120.26, allowing the appointment of counsel in the court's discretion. State v. Castro (1979), 67 Ohio App.2d 20, 22,425 N.E.2d 907, 909.[2]
Where counsel is constitutionally required, the constitutional requirement of effective assistance follows. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson (1970),397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763. Similarly, a statutory scheme allowing the appointment of counsel "necessarily implies that counsel be effective." Dunbar v. State
(Iowa 1994), 515 N.W.2d 12, 14. Just as the constitutional right to counsel cannot exist without the right to effective counsel, one cannot read an effectiveness requirement out of a statutory grant of counsel without nullifying the right. "It would be absurd to have the right to appointed counsel who is not required to be competent." Lozada v. Warden (1992), 223 Conn. 834, 838,613 A.2d 818, 821.
Reading the statutes differently would mean that the Ohio General Assembly had enacted a statute authorizing public monies to attorneys for no purpose; this cannot be the case. Judges are authorized to appoint counsel in post-conviction cases to ensure the goals of the General Assembly and the people of Ohio; that is, that criminal convictions satisfy the strict tests of accuracy necessary to carry out their associated sentences. Where the sentence is death, appointed counsel must be held to some standard of competency in order to make the post-conviction process meaningful.
It makes no difference whether the statutory scheme provides for mandatory or discretionary appointments; once counsel is appointed, the duty of effectiveness must attach or the appointment, even if discretionary, becomes a "useless formality." Lozada, 223 Conn. at 839, 613 A.2d at 821 (quotingCullins v. Crouse [C.A. 10, 1965], 348 F.2d 887, 889). Not only does the appointment necessarily include the duty of effectiveness, the duty could be imposed as a matter of estoppel. Once a trial judge appoints counsel, the petitioner is justified in believing that appointed counsel will undertake representation. In fact, the petitioner likely is expected to turn over control of his case to the appointed counsel. The state should not then punish the petitioner when appointed counsel is incompetent or makes no effort. Had D'Ambrosio known that his appointed counsel would do so little on his behalf, he might have chosen to proceed pro se, either on his own or with the help of a jailhouse lawyer.
Even if the most recent amendments to R.C. 2953.21 applied here, the certification scheme of R.C. 2953.21 (I) (2), combined with its denial of ineffective assistance as grounds for relief, would not suffice to defeat D'Ambrosio's claim. First, unlike other statutory schemes, the certification of attorneys under the Ohio statute sets forth only qualification requirements; there are no duties of performance assigned to any attorney in an individual case. Second, although Rule 65 of the Rules of Superintendence for Courts of Common Pleas has been superseded, R.C. 2953.21 (I) (2) has not been so amended. Rule 20 of the Rules of Superintendence now controls the appointment of counsel in capital cases, and states requirements for trial counsel and appellate counsel. It is entirely unclear what qualifications under Rule 20 are necessary for an attorney pursuing a post-conviction action.
The Illinois Supreme Court has held that its post-conviction relief statutory scheme limits appointed counsel's duties to those enumerated in the statute. People v. Davis (1993),156 Ill.2d 149, 619 N.E.2d 750, 757. Although defining statutory duties might be a reasonable and permissible alternative to the inherent duty of effectiveness, some method doubtlessly must be employed to impart duties on appointed counsel, lest the appointment be a vain act. The Ohio scheme does not impart specific, enforceable duties on counsel; it simply provides a method to qualify for appointments. Without statutory directives, the general test for effectiveness of counsel is applicable.
For the same reasons, the portion of R.C. 2953.21(I)(2) that disclaims a petitioner's ability to claim ineffectiveness of appointed post-conviction counsel cannot be read to deny the statutory right. If it were so read, the appointment provisions would be rendered meaningless, as appointed counsel would have no duty to act. The reasonable construction of R.C. 2953.21(I)(2) recognizes that "grounds for relief," as used in the statute, is limited to grounds for relief from the underlying conviction. As used in the particular subsection, the phrase "does not constitute grounds for relief" means only that ineffective assistance of post-conviction counsel will not, quite obviously, be grounds for overturning the underlying conviction. The statute does not, and cannot, preclude a petitioner from obtaining any
relief based on the incompetence of appointed post-conviction counsel.
Relegating D'Ambrosio to his remedies under R.C. 2953.23 does not alleviate the problem. D'Ambrosio's already slim chances at obtaining post-conviction review, much less post-conviction relief, are even further reduced if he is forced to file a "second or successive" petition pursuant to R.C. 2953.23. A second petition for relief is subject to restrictions on available claims, as well as a heightened standard of review. D'Ambrosio would be forced to claim that he was "unavoidably prevented" from raising his claims earlier, including in his first post-conviction relief petition. This added hurdle would not only burden D'Ambrosio's chance to have a judge review his claims on their merits, it likely would end it. If D'Ambrosio has no right to competent post-conviction counsel, his counsel's incompetence would be no excuse for failing to raise claims in the first petition. D'Ambrosio has lost all right to make any claim that should have been raised in the first petition, and now can rely only on evidence that might be discovered since, or that could not have been discovered even if his counsel had been adequate.
Even if R.C. 2953.21(I)(2) could be read to allow a claim of ineffective assistance to serve as the predicate for a second petition pursuant to R.C. 2953.23, the remedy is inadequate. A post-conviction petitioner who shows ineffectiveness of trial counsel is granted a new trial; however, the petitioner who shows ineffectiveness of post-conviction counsel would not receive a new hearing under the standards set forth in R.C. 2953.21. Instead, by showing ineffective assistance, the petitioner would be granted only the opportunity to satisfy the heightened evidentiary standards of R.C. 2953.23. If this is the only remedy available, the post-conviction petitioner is unfairly penalized for the incompetence of his appointed counsel.
The record here shows that D'Ambrosio's post-conviction counsel made no effort to take advantage of D'Ambrosio's post-conviction rights. In the process, those rights have been squandered, through no fault of D'Ambrosio's. Appointed in April 1996, D'Ambrosio's post-conviction counsel filed a petition on September 23, 1996, the last available day for D'Ambrosio to take advantage of his rights to make a first post-conviction relief petition under the version of R.C. 2953.21 in effect at that time. Through affidavit, attorney David L. Doughten avers that on September 20, 1996, a Friday, he was contacted by Daniel Shields requesting help in drafting the petition for D'Ambrosio. As Shields had nothing prepared, Doughten personally typed a "shell petition" using the Supreme Court opinion from D'Ambrosio's earlier direct appeal to obtain "necessary background for the jurisdictional facts." He advised Shields that the petition was not complete without evidentiary documents but that an amended petition with the necessary documents could probably be filed as long as the state did not file its answer. He further offered Shields help in drafting an amended petition but it was never requested.
The petition Shields filed obviously contained only relief for claims that had been raised and decided in the earlier appeal and clearly fell far short of the evidentiary showing necessary to support even a hearing on post-conviction relief. It appears that Shields, whether through ignorance, incompetence, or simple laziness, failed to make even a cursory attempt at satisfying any of the requirements for a valid petition. But for the eleventh hour assistance of Doughten, nothing would have been filed.
In State v. Steffen (1994), 70 Ohio St.3d 399, 639 N.E.2d 67, the Ohio Supreme Court recognized "compelling" reasons to grant relief to the state by prohibiting lower court imposition of stays for capital defendants who had exhausted their post-conviction remedies. Id., at 407. This case is Steffen's
converse, and the reasons for converse relief no less compelling. Certainly where post-conviction proceedings have been followed and convictions upheld, sentences should be carried out to effectuate the will of the people, as codified by the General Assembly. However, the will of the people is no less codified in those provisions allowing post-conviction proceedings, and allowing courts to appoint counsel for such proceedings. These provisions, too, must be given effect, and interpreted in a reasonable vein.
Just as the people of Ohio have not authorized interminable appeals or infinite resources prior to carrying out a sentence of death, they have approved reasonable proceedings and reasonable expenditures to reduce the risk that such sentences are mistakenly, or unadvisedly, executed. When, as here, those proceedings have failed of their purpose because appointed counsel was incompetent, the defendant cannot be said to have received the process due. Joe D'Ambrosio has not yet been afforded the protections of a first post-conviction relief petition; he must be allowed meaningful proceedings before those protections are deemed spent.
The concurring opinion succinctly sets forth a more plausible basis for affirming of the denial of D'Ambrosio's petition; limiting our review to only the contents of the September 23, 1996 document because no appeal was taken from the 1998 denial of D'Ambrosio's motion for Civ.R. 60(B) relief. Judge Rocco contends that failing to file an appeal from the judgment or amend the original notice of appeal to include it constitutes jurisdictional failure and precludes our consideration of the contents of the motion and the attached documentation and affidavits.
If, however, one were to remove from consideration everything other than the contents of the Petition To Vacate or Set AsideSentence Pursuant to Ohio Revised Code 2953.21 it is glaringly apparent that it is woefully inadequate and does not satisfy the statutory requirements. Shields should have filed a timely motion to withdraw if he believed D'Ambrosio's cause was meritless and requested appointment of another attorney or, in the very least, permitted D'Ambrosio to proceed pro se. Anders v. Californian
(1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
I would remand to the trial judge for the appointment of competent counsel and order an extension of time for the filing of a revised petition. State v. Hasan (Aug. 14, 1998), Hamilton App. No.C-980154, unreported.
[1] If the state's contention were correct, D'Ambrosio should have been entitled to an attorney certified under Rule 65 of the Rules of Superintendence for Courts of Common Pleas on October 16, 1996, R.C. 2953.21(I)(2), which certification Mr. Shields did not have on that date.
[2] Castro is not adversely affected by the Ohio Supreme Court's subsequent decision in State v. Crowder (1991), 60 Ohio St.3d 151,573 N.E.2d 652. Castro found that a court has discretion to appoint counsel "even where the public defender refuses to prosecute * * *." In that case the court would be unable to appoint the public defender, although other counsel would still be available.