OPINION
David D. Palmer is appealing, pro se, from the decision of the Montgomery County Court of Common Pleas denying his motion, purportedly filed under Civ.R. 60(B)(5), to vacate his sentence after his April 29, 1996, no contest plea to two charges of rape.
We first note that Civ.R. 60(B) has no application to judgments in criminal cases. State v. Israfil (Nov. 15, 1996), Montgomery App. No. 15572, unreported. As the trial court in this case noted, Mr. Palmer's filing has to be treated as a motion for post conviction relief, citingState v. Reynolds (1997), 79 Ohio St.3d 158 . See also State v. Talley
(Jan. 30, 1998), Montgomery App. No. 16479, unreported.
Petitions for post conviction relief filed after the expiration of the 180-day time limit may only be considered where the petitioner shows that he was unavoidably prevented from discovering the facts upon which he relies to present the claim for relief, or that, subsequent to the expiration of the time limit set forth above, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner's situation, and the petitioner's claim is based upon that right, as the State properly pointed out in its brief. R.C.2953.23(A)(1). These provisions are jurisdictional in nature. State v.Ayers (Dec. 4, 1998), Montgomery App. No. 16851, unreported. (Appellee's brief, 2).
The record is devoid of any facts that show Palmer was unavoidably prevented from discovering the facts upon which he relies to present his claim for relief. Nor is there a new federal or state right that applies retroactively to this situation and upon which his claim is based. Palmer merely argues that he was not allowed sufficient time in the prison library to complete his filing. It is well settled, requiring no citations, that such an argument does not show that Palmer was unavoidably prevented from discovering the facts upon which he relies to present his claim for relief.
Palmer has also filed a motion requesting this court to appoint him counsel for the purpose of this appeal. It is well settled that post conviction relief proceedings are civil in nature, and there is no constitutional or statutory right for the appointment of counsel for petitioners. State v. Castro (1979), 67 Ohio App.2d 20, 21 O.O.3d 338. Petitioner's motion for appointment of counsel is overruled, and the judgment of the trial court is affirmed.
WOLFF, P.J. and GRADY, J., concur.