THE STATE OF OHIO, APPELLEE, *v.* MAPSON, APPELLANT.

---

[1] Appellant's assignment of error is:

(No. 52785—Decided November 4, 1987.)

*John T. Corrigan,* prosecuting attorney, and *George J. Sadd,* for appellee.

*David Mapson, pro se.*

ANN MCMANAMON, J. David Mapson challenges the trial court's dismissal of his second petition for post-conviction relief. The basis of his claim is the purported ineffective assistance of appellate counsel in the prosecution of his first post-conviction appeal to the Supreme Court.[1] We affirm the judgment.

Mapson was convicted of murder in 1975. Upon direct appeal, this court affirmed his conviction. *State* v. *Mapson* (Jan. 4, 1979), Cuyahoga App. No. 37944, unreported. Mapson's first petition for post-conviction relief was dismissed by the trial court, which failed to file findings of fact and conclusions of law as required by R.C. 2953.21(C). This court's dismissal of Mapson's subsequent appeal as untimely was reversed in *State* v. *Mapson* (1982), 1 Ohio St. 3d 217, 1 OBR 240, 438 N.E. 2d 910. In *Mapson,* the Supreme Court held that a judgment in post-conviction relief proceedings filed without findings and conclusions does not commence the running of the time for appeal.

"Appellate counsel waived appellant's original claim of ineffective assistance of trial counsel to the Ohio Supreme Court, that appellant would be foreclosed from availing himself of Ohio's collateral attack remedies."

This court reinstated the appeal and affirmed the trial court. *State* v. *Mapson* (Oct. 27, 1983), Cuyahoga App. No. 43320, unreported. Mapson, through counsel, sought review in the Supreme Court, allegedly raising the single issue of whether a petitioner has the right to counsel during post-conviction proceedings. The Supreme Court declined to hear his case.

Mapson then filed a second post-conviction petition in the trial court, alleging ineffective assistance of appellate counsel. Mapson theorized that appellate counsel's alleged failure to raise, in the memorandum in support of the Supreme Court's jurisdiction, the alleged ineffectiveness of trial counsel foreclosed review by that court, as well as collateral federal post-conviction remedies.

The trial court denied Mapson's petition on two grounds. The court held that a claim of ineffective appellate representation is not cognizable under R.C. 2953.21. Alternatively, the court held that Mapson failed to demonstrate the ineffectiveness of his appellate counsel. We concur in the trial court's disposition of the petition, albeit for different reasons.

Post-conviction relief is available only when the petition shows "that there was such a denial or infringement of his rights as to render the judgment void or voidable" under the Ohio or United States Constitutions. R.C. 2953.21(A).

A conviction is void when the trial court lacks personal or subject matter jurisdiction. *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 39 O.O. 2d 189, 226 N.E. 2d 104, paragraph five of the syllabus. A conviction is voidable when the judgment is erroneous and may be set aside on appeal. *Id.* at 179, 39 O.O. 2d at 191, 226 N.E. 2d at 107-108. In either case, the petitioner must initially establish the existence of a constitutional right. Mapson has not crossed this threshold.

A convicted criminal defendant is entitled to counsel on his first appeal as of right. *Douglas* v. *California* (1963), 372 U.S. 353. This entitlement includes the right to effective assistance of counsel. *Evitts* v. *Lucey* (1985), 469 U.S. 387.

However, there is no constitutional right to counsel on a discretionary appeal to a state's highest court. *Ross* v. *Moffitt* (1974), 417 U.S. 600. In the absence of such a right, a defendant cannot assert that he was denied the effective assistance of counsel. *Wainwright* v. *Torna* (1982), 455 U.S. 586.

This court has held that a petitioner in post-conviction proceedings, which are civil in nature, has no right to counsel. *State* v. *Castro* (1979), 67 Ohio App. 2d 20, 21 O.O. 3d 338, 425 N.E. 2d 907; *State* v. *Mapson* (Oct. 27, 1983), Cuyahoga App. No. 43320, unreported. Any errors committed on appeal by counsel cannot constitute a denial of effective assistance cognizable under R.C. 2953.21.

We therefore conclude the trial court properly dismissed Mapson's petition. By reason of this disposition, we deny Mapson's requests, filed previously in this appeal, for an evidentiary hearing and the issuance of subpoenas. The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

PRYATEL, P.J., and DYKE, J., concur.