DECISION AND JUDGMENT ENTRY
Theresa Unger appeals the Adams County Court of Common Pleas' denial of her post-sentence motion to withdraw her guilty plea to aggravated assault, a violation of R.C. 2903.11(A)(2). Unger argues that the Crim.R. 11 discussion was deficient because the trial court did not explain to her: (1) that the state was required to prove each element of the crime beyond a reasonable doubt (particularly the element of "knowingly") and (2) that the affirmative defense of self-defense may have been available to her. Finally, Unger argues that her counsel was ineffective because he did not fully explain the element of "knowingly" and because he failed to discuss the affirmative defense of self-defense with her. Because we find that Unger's motion is an untimely petition for post-conviction relief, we affirm the judgment of the trial court.
 I.
In November 1990, the grand jury indicted Theresa Unger for violating R.C. 2903.11(A)(2). The indictment alleged that Unger stabbed Ernest Unger with a knife, causing Ernest Unger physical harm.
After discovery, Unger filed a petition to withdraw her plea of not guilty and enter a plea of guilty. In exchange for her plea of guilty to aggravated assault, receiving stolen property,[1] and forgery, the state agreed to reduce the aggravated assault charge from a first degree felony to a fourth degree felony, with a specification that the offense caused physical harm, and agreed to dismiss other charges pending against Unger.
In April 1991, the trial court sentenced Unger to consecutive terms of one and a half years on the forgery count, one and a half years on the receiving stolen property count, and three to five years on the aggravated assault count. The trial court then suspended the sentences and placed Unger on probation.
In October 1994, Unger's probation officer alleged that she had violated her probation because she had been convicted of menacing. At the hearing, Unger pled guilty to the charge of violation of her probation in exchange for the state reducing the degree of two arson offenses to which she also pled guilty.
After filing numerous pro se motions for shock probation, Unger filed apro se motion to withdraw her guilty plea in November 1999. In her motion, Unger alleged that the attorney who represented her at the original guilty plea had a conflict of interest. On January 10, 2000, the trial court denied the motion. Unger did not appeal. On January 18, 2000, Wayne Miller filed a notice of appearance on behalf of Unger. Subsequently, the trial court struck all pending pro se motions, upon Miller's request.
After Unger filed several more pro se motions seeking release, Attorney Miller filed a second motion to withdraw Unger's guilty plea on July 17, 2000. The trial court denied the motion. Unger appeals[2] and asserts the following assignment of error:
The trial court erred in not granting Appellant's Crim.R. 32.1 motion to withdraw her Guilty Plea.
 II.
In her only assignment of error, Unger argues that the trial court erred in denying her motion to withdraw her guilty plea.
In State v. Deer (Mar. 2, 2001), Lawrence App. No. 00CA24, unreported, we wrote:
 Under R.C. 2953.21(A)(1), a convicted person may file a petition asking the sentencing court to vacate the judgment or sentence where the petitioner claims that there was an infringement of constitutional rights so as to render the judgment void or voidable. In State v. Reynolds (1997), 79 Ohio St.3d 158, 160, the Ohio Supreme Court stated that "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." Therefore, a defendant may not circumvent statutory requirements for post-conviction filings by captioning the request as something else. State v. Dubois, (Nov. 12, 1997), Wayne App. No. 97CA19, unreported. Numerous courts have concluded that a motion to withdraw a guilty plea under Crim.R. 32.1 must be treated as a post-conviction petition when it raises alleged constitutional errors. See, e.g., State v. Phelps, (Sept. 26, 2000), Franklin App. No. 00AP-109, unreported; State v. Mollick, (July 19, 2000), Lorain App. No. 99CA7315, unreported; State v. Weese, (May 13, 1998), Medina App. Nos. 2742-M and 2760-M, unreported. But, see, State v. Talley, (Jan. 30, 1998), Montgomery App. No. 16479, unreported (holding that a motion under Crim.R. 32.1 is not governed by R.C. 2953.21).
We then agreed with the First District Court of Appeals' position as expressed in State v. Hill (1998), 129 Ohio App.3d 658, 661:
 * * * A post-sentence motion to withdraw a guilty plea, based on allegations of constitutional violations, must be filed before the expiration of the time for a direct appeal. Otherwise such a motion is a post-conviction petition for relief. This court believes that this bright-line rule is not only compelled by the statutory law but also necessary to prevent abuse of the courts' resources. A litigant cannot be allowed to circumvent the legislatively mandated requirements of R.C. 2953.21 by styling his action as a motion to withdraw a guilty plea, when it is in fact a motion for post-conviction relief.
Deer.
Thus, "Crim.R. 32.1 motions that raise constitutional claims that require examination of matters outside the record, including ineffective assistance of counsel, must be treated as a motion for post-conviction relief." Deer, citing State v. Cooperrider (1983), 4 Ohio St.3d 226,228.
Here, Unger raises a claim of ineffective assistance of counsel that requires examination of matters outside the record. Unger asserts that her counsel was ineffective in failing to inform her of the affirmative defense of self-defense and for recommending a plea of guilty even though the stabbing was an accident. In these arguments, Unger relies upon facts that are outside the record, i.e., that she was attempting to defend her daughter from bodily harm and that her counsel did not discuss the defense of self-defense or the statutory requirement of "knowingly." Accordingly, we must treat this claim as a request for post-conviction relief.
Unger's claim that her plea was not knowingly, intelligently and voluntarily made because the trial court did not explain the element of "knowingly" and did not explain the availability of the affirmative defense of self-defense also raises constitutional issues. See, State v.Phelps (Sept. 26, 2000), Franklin App. No. 00AP-109, unreported, cited with approval in Deer. Accordingly, we must also treat this claim as a request for post-conviction relief.
Am.Sub.S.B. No. 4, which amended the provision for petitions for post-conviction relief in R.C. 2953.21, became effective on September 21, 1995. Under the amended R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed "no later than 180 days after the date which the trial transcript is filed in the court of appeals in a direct appeal to the judgment of conviction or adjudication," subject to the exceptions provided for in R.C. 2953.23. However, the General Assembly provided a different time limit for filing post-conviction relief petitions by those sentenced prior to September 21, 1995:
A person who seeks post-conviction relief pursuant to Sections 2953.21
through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in Division (A)(2) of Section2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
Section 3, Am.Sub.S.B. No. 4; 146 Ohio Laws, Part IV, 7815, 7826.
Unger was sentenced before the effective date of Am.Sub.S.B. 4, and she did not appeal her conviction. Therefore, the latest Unger could timely file a petition for post-conviction relief was one year following September 21, 1995, the effective date of Am.Sub.S.B. No. 4. September 21, 1996 was a Saturday. Civ.R. 6(A)[3] provides that if the last day of a time period is a Saturday, Sunday, or legal holiday, then "the time period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday." The next day after September 21, 1996 which was not a Saturday, Sunday, or legal holiday was Monday, September 23, 1996. Unger did not file her petition until 2000. Thus, the petition was untimely.
A trial court may not entertain an untimely filed petition unless both of the following are satisfied: (1) the petitioner shows either that he or she was unavoidably prevented from discovering the facts upon which he or she relied in the petition, or that after the one hundred eighty days had expired, the United States Supreme Court recognized a new federal or state right that would apply retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him or her guilty but for constitutional error at trial. R.C. 2953.23(A).
Here, Unger has neither alleged nor shown that the above conditions are satisfied. Thus, the trial court was not permitted to entertain her petition for post-conviction relief and the trial court should have dismissed the petition. However, Unger was not prejudiced by the trial court's error in considering the petition and ultimately denying it. Assuming arguendo that Unger's motion should be correctly categorized as a Crim.R. 32.1 motion, we would still affirm the trial court's judgment. Her motion is barred by res judicata because she filed a pro se motion to withdraw her guilty plea that she did not appeal prior to filing the motion at issue. See State v. Cale (Mar. 23, 2001), Lake App. No. 2000-L-034, unreported (finding that Crim.R. 32.1 motions should not be treated as petition for post-conviction relief, but holding that a second motion to withdraw a guilty plea is barred by res judicata.)
Accordingly, we overrule Unger's only assignment of error and affirm the judgment of the trial court.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
 ______________________ Roger L. Kline, Judge
Judges Harsha and Abele concur in judgment and opinion.
[1] In a separate case, the state charged Unger with three counts of forgery, a violation of R.C. 2913.31(A)(1); one count of forgery, a violation of R.C. 2913.31(A)(3); and one count of receiving stolen property, a violation of R.C. 2913.51(A).
[2] In its brief the state alleges that Unger did not timely file her notice of appeal. We disagree. The trial court entered its judgment on November 8, 2000 and Unger filed her notice of appeal on December 6, 2000. Therefore, she filed her notice of appeal within the thirty-day requirement of App.R. 4.
[3] Because post-conviction relief proceedings are considered civil rather than criminal in nature (State v. Mapson (1987),41 Ohio App.3d 390), the Rules of Civil Procedure apply.