OPINION
Defendant-appellant, Kenneth Jay Wilson, appeals an entry of the Clinton County Court of Common Pleas denying his petition to vacate or set aside his felony sentence.
As part of a plea agreement, appellant entered guilty pleas to charges of unauthorized use of a vehicle and attempted aggravated arson in February 1989.[1] Appellant subsequently filed a petition for postconviction relief, which the trial court dismissed without a hearing on October 13, 1999. This appeal followed.
As his sole assignment of error, appellant claims the trial court failed to comply with the provisions of Crim.R. 11(C)(2) when accepting his plea.[2]
We note that issues regarding compliance with Crim.R. 11, which could clearly have been raised on direct appeal, are res judicata in a postconviction relief proceeding. State v. Ishmail (1981), 67 Ohio St.2d 16;State v. McKinney (Feb. 8, 1999), Clinton App. No. CA98-02-008, unreported; and State v. Wilson (Aug. 5, 1996), Clermont App. No. CA96-02-020, unreported.
Since the question of compliance with Crim.R. 11 is a matter that should have been raised on direct appeal, the trial court was correct in dismissing appellant's petition for postconviction relief without a hearing.[3]
Accordingly, appellant's assignment of error is overruled and the judgment of the trial court is hereby affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] Appellant's initial appeal of his convictions and sentence, filed in November 1992, was dismissed on November 25, 1992 as untimely.
[2] Appellant also moved for the appointment of counsel to represent him in this appeal. Since postconviction proceedings are civil in nature, a petitioner is not entitled to court-appointed counsel. SeeState v. Mapson (1987), 41 Ohio App.3d 390; State v. Brisco (Nov. 22, 2000), Cuyahoga App. No. 77832, unreported.
[3] A transcript of the plea hearing, attached to a pleading filed by appellant, demonstrates that the trial court substantially complied with Crim.R. 11 in accepting appellant's plea.