DECISION AND JUDGMENT ENTRY
{¶ 1} Kenneth Moore appeals the Pike County Court of Common Pleas' denial of his petition for post-conviction relief and motion to withdraw his guilty plea. Because we find that Moore is entitled to a hearing on his motion, we reverse the trial court's denial of his motion. Because the State concedes that the trial court applied the wrong standard in reviewing his petition for post-conviction relief, we reverse the remainder of the trial court's decision and remand this case to the trial court for further proceedings.
 I. {¶ 2} On January 23, 1995, the Pike County Grand Jury indicted Moore for the aggravated murder of Darrel Benner in violation of R.C.2903.01(A) and having a weapon under disability in violation of R.C.2925.03(A)(1). In March 1995, the State and Moore entered into an agreement that Moore would plead guilty to murder, a violation of R.C.2925.02, and having a weapon under disability, a violation of R.C. 2923.13. On April 3, 1995, Moore entered these guilty pleas after questioning by the trial court.
 {¶ 3} On May 19, 1995, the trial court sentenced him to fifteen years to life on the murder conviction and eighteen months on the having a weapon under disability conviction. The trial court ordered the sentences to be served concurrently. Moore did not file a timely appeal.
 {¶ 4} On September 12, 1996, Moore filed a "Petition to Vacate or Set Aside a Sentence" pursuant to R.C. 2953.21, in which he disputed the legality of his indictment. The trial court never ruled on this petition.
 {¶ 5} In November 1996, Moore filed a "Motion for Leave to Appeal" that we denied.
 {¶ 6} On August 28, 2001, Moore filed an "Amended Petition for Post-Conviction Relief/Motion to Withdraw Plea." In this motion, he first asserted that his trial counsel was ineffective because (1) he did not inform Moore of important evidence provided by the State through discovery, and (2) he did not move to dismiss a defective indictment; and as a result did not enter into a knowing, intelligent, and voluntary guilty plea. Second, he asserted that he should be permitted to withdraw his guilty plea because (1) newly discovered evidence corroborates the evidence that his attorney failed to share with him; and (2) that he was coerced into entering the guilty plea. Lastly, he asserted that the trial court should free him on bail.
 {¶ 7} On September 24, 2001, the trial court denied Moore's amended petition without a hearing. The trial court first considered Moore's request to withdraw his guilty plea. After reviewing the plea hearing, the trial court found that Moore was advised of his constitutional rights and that he made a knowing, intelligent, and voluntary waiver of them before he entered his plea. Thus, the trial court denied Moore's request to withdraw his guilty plea. The trial court next considered Moore's request for "Judicial Release" and determined that he was not eligible for judicial release.
 {¶ 8} Moore appeals and asserts the following assignments of error: "I. The trial court abused its discretion by denying [Moore's] motion to withdraw guilty plea since defendant's guilty plea was not made knowingly, intelligently, and voluntarily. II. The trial court abused its discretion by denying [Moore's] motion to withdraw guilty plea since permitting defendant to withdraw his guilty plea would correct manifest injustice. III. The trial court erred by applying the standard of review for a motion for judicial release instead of the standard of review for a petition for post-conviction relief."
 II. {¶ 9} We first consider whether Moore timely filed his Amended Petition for Post-Conviction Relief/Motion to Withdraw Plea. The time limits governing petitions for post-conviction relief, R.C. 2953.21 and2953.23, do not apply to motions to withdraw a guilty plea. State v.Bush (2002), 96 Ohio St.3d 235, 2002-Ohio-3993, syllabus. Crim.R. 32.1 "does not prescribe a time limitation." Bush at ¶ 14. Thus, the portion of Moore's Amended Petition for Post-Conviction Relief/Motion to Withdraw Plea that sought to withdraw his guilty plea is timely.
 {¶ 10} We next consider whether the portion of Moore's Amended Petition for Post-Conviction Relief/Motion to Withdraw Plea that sought post-conviction relief was timely. Am.Sub.S.B. No. 4, which amended the provision for petitions for post-conviction relief in R.C. 2953.21, became effective on September 21, 1995. Under the amended R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed "no later than 180 days after the date which the trial transcript is filed in the court of appeals in a direct appeal to the judgment of conviction or adjudication," subject to the exceptions provided for in R.C. 2953.23. However, the General Assembly provided a different time limit for filing post-conviction relief petitions by those sentenced before September 21, 1995: "A person who seeks post-conviction relief pursuant to Sections2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in Division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later." Section 3, Am.Sub.S.B. No. 4; 146 Ohio Laws, Part IV, 7815, 7826.
 {¶ 11} The trial court sentenced Moore before the effective date of Am.Sub.S.B. 4 and we dismissed his untimely appeal before a transcriptcould be filed. Therefore, the latest Moore could timely file a petition for post-conviction relief was one year following September 21, 1995, the effective date of Am.Sub.S.B. No. 4. September 21, 1996 was a Saturday. Civ.R. 6(A)[1] provides that if the last day of a time period is a Saturday, Sunday, or legal holiday, then "the time period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday." The next day after September 21, 1996 which was not a Saturday, Sunday, or legal holiday was Monday, September 23, 1996. Moore filed his original petition for post-conviction relief on September 12, 1996. Thus, the original petition was timely. Moore was permitted to amend his pleading without leave of the trial court because no responsive pleading was ever filed. Civ.R. 15(A). Moore's amended petition related back to the original filing date because the claim asserted arose out of the conduct, transaction, or occurrence set forth in his original petition. Civ.R. 15(C). Thus, that portion of Moore's Amended Petition for Post-Conviction Relief/Motion to Withdraw Plea that sought post-conviction relief was timely filed.
 III. {¶ 12} We consider Moore's first and second assignments of error together because they both allege that the trial court erred in denying his motion to withdraw his guilty plea.
 {¶ 13} Moore first argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea because he did not voluntarily and knowingly plead guilty. Moore concedes (1) that he understood the nature of the charges and the rights associated with the trial, and (2) that the trial court complied with the Ohio Rules of Criminal Procedure in accepting his guilty plea. Moore, however, argues that he did not enter into his plea voluntarily and knowingly. Specifically, he asserts that his plea was not voluntary because his attorneys coerced him into the guilty plea by (1) taking advantage of his susceptibility to pressure due to the medication he was taking, Mellaril, and (2) giving him only a half an hour to decide whether to take the plea bargain, which negated the possibility of discussing the decision with his family who he always relied upon to help him make decisions. Moore asserts that his plea was not knowing because he was never informed by his counsel of exculpatory evidence, a forensic report indicating that gun shot residue was not found on his person but was found on the hands of a person at the house where the crime occurred.
 {¶ 14} When the trial court denies a motion to withdraw a guilty plea pursuant to Crim.R. 32.1, appellate review is limited to a determination of whether the trial court abused its discretion. State v.Johnson (Dec. 30, 1998), Scioto App. No. 98CA2576, unreported; State v.Brooks (Jan. 29, 1992), Lorain App. Nos. 90CA004960 91CA005035, unreported. An abuse of discretion involves more than an error in judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff'sDept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498; WilmingtonSteel Products, Inc. v. Cleve. Elec. Illum. Co. (1991), 60 Ohio St.3d 120,122. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court.In re Jane Doe 1 (1990), 57 Ohio St.3d 135, 138, citing Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169.
 {¶ 15} Pursuant to Crim.R. 32.1, a defendant may withdraw a guilty plea after the imposition of sentence only to correct a manifest injustice. The defendant bears the burden of establishing a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. An undue delay between the occurrence of the alleged cause for withdrawal of the guilty plea and the filing of a Crim.R. 32.1 motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Smith, at paragraph three of the syllabus.
 {¶ 16} To comply with due process requirements, a defendant who enters a plea in a criminal case must enter the plea knowingly, intelligently, and voluntarily. State v. Engle (1996), 74 Ohio St.3d 525. A determination of whether a plea was entered knowingly, intelligently, and voluntarily is based upon a review of the record. State v. Spates
(1992), 64 Ohio St.3d 269, 271. In determining whether a defendant understands his plea, the trial court may consider the surrounding circumstances, such as the dialogue between the court and the defendant and the defendant's demeanor. McCabe, citing State v. McDowell (Jan. 16, 1997), Cuyahoga App. No. 70799, unreported. The colloquy between the trial court and a defendant required by Crim.R. 11 encompasses constitutional procedural requirements. State v. Johnson (1988)40 Ohio St.3d 130, 133. When a defendant argues that his guilty plea was taken in violation of due process, the trial court's compliance with Crim.R. 11 provides greater probative evidence than contradictory affidavits of a defendant. State v. Moore (1994), 99 Ohio App.3d 748,755-756.
 {¶ 17} We note that the trial court dismissed Moore's motion without a hearing. In State v. Wilburn (Dec. 22, 1999), Lawrence App. No. 98CA47, we wrote, "[t]he determination of whether an evidentiary hearing is warranted for a Crim.R. 32.1 motion requires a two step analysis. First, a hearing need only be conducted if the motion is justified; that is, if the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea of guilty or no contest were not allowed to be withdrawn. [State v.] Smith [(1977), 49 Ohio St.2d 261];[State v.] Blatnik [(1984) 17 Ohio App.3d 201]; State v. Hamed (1989),63 Ohio App.3d 5.
 {¶ 18} "Second, it must be determined whether the allegations made by the defendant in support of his motion are conclusively and irrefutably contradicted by the record. If the allegations upon which a Crim.R. 32.1 motion is based are so contradicted by the record, an evidentiary hearing is not required. State v. Legree (1988),61 Ohio App.3d 568, 574."
 {¶ 19} Ineffective assistance of counsel is a manifest injustice.State v. Hamed (1989), 63 Ohio App.3d 5; State v. Newcome (1989),62 Ohio App.3d 619. Here, Moore asserts that his attorneys were ineffective because they failed to share exculpatory evidence with him before he pled guilty. Because Moore pled guilty, he waived the right to claim that he was prejudiced by his counsel's performance, except to the extent that the alleged defects complained of caused his plea to be less than knowing or voluntary. See State v. Barnett (1991) 73 Ohio App.3d 244,248.
 {¶ 20} The Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. Furthermore, the United States Supreme Court has generally interpreted this provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. Strickland v.Washington (1984), 466 U.S. 668, 687. In order to prove the ineffective assistance of counsel, a criminal defendant must show that (1) counsel's performance was in fact deficient, i.e., not reasonably competent, and (2) such deficiencies prejudiced the defense so as to deprive the defendant of a fair trial. Strickland at 687; State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus.
 {¶ 21} Here, we find that if trial counsel indeed withheld the exculpatory evidence at issue from Moore before he pled guilty, then, counsel's performance was deficient and could not have been motivated by strategy. In this case, Moore alleges that his counsel withheld evidence from him of a very persuasive type and quality: forensic evidence tending to prove whether he and others at the scene of the crime fired a weapon. We believe that in order to make a knowing and intelligent decision regarding whether to enter a plea, Moore needed to be apprised of the existence of this evidence. Thus, if Moore's counsel advised him to plead guilty without first informing him of the existence of this evidence, we find that Moore's counsel did not provide him with reasonably professional assistance.
 {¶ 22} Therefore, we find that Moore is entitled to a hearing on his motion to withdraw his guilty plea. The facts as alleged by Moore, that his attorneys withheld the forensic report from him before he decided to pled guilty, if true, indicate that he received ineffective assistance of counsel that resulted in a less than knowing guilty plea. Second, we cannot find that the record conclusively and irrefutably contradicts Moore's affidavit that his attorneys did not share the forensic report with him. Accordingly, we find that the trial court erred in denying his motion to withdraw his guilty plea without a hearing. As a result we do not consider Moore's remaining arguments and sustain his first and second assignments of error. On remand, the trial court is to conduct a hearing on Moore's motion to withdraw his guilty plea.
 IV. {¶ 23} In his third and fourth assignments of error, Moore argues that the trial court erred in applying an incorrect standard of review to his petition for post-conviction relief. Because the State concedes that the trial court used the standard of review for judicial release instead of a petition for post-conviction relief, we sustain Moore's third and fourth assignments of error. On remand, the trial court is to consider Moore's petition for post-conviction relief with the appropriate standard.
 V. {¶ 24} In sum, we sustain all of Moore's assignments of error and remand this case to the trial court for proceedings consistent with this opinion.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans, J.: Concur in Judgment and Opinion.
[1] Because post-conviction relief proceedings are considered civil rather than criminal in nature (State v. Mapson (1987),41 Ohio App.3d 390), the Rules of Civil Procedure apply.