**Ruben BARKLEY, Petitioner,**

v.

**Kelleh KONTEH, Warden, Respondent.**

**No. 5:02–CV–969.**

United States District Court,
N.D. Ohio,
Eastern Division.

Dec. 13, 2002.

Paul A. Mancino, Jr., Cleveland, OH, for Petitioner.

M. Scott Criss, Office of the Attorney General, Columbus, OH, for Respondent.

## OPINION AND ORDER,

GWIN, District Judge.

On May 23, 2002, Petitioner Ruben Barkley filed a petition for a writ of habeas corpus. The Court assigned the case to Magistrate Judge David S. Perelman under Local Rule 72.1 for a report and recommendation. On October 29, 2002, Magistrate Judge Perelman issued his report and recommendation. In that report and recommendation, Magistrate Judge David S. Perelman recommended dismissing Barkley's petition because Barkley procedurally defaulted his habeas claim. In the alternative, the Magistrate Judge found that Barkley's claim failed on the merits. [Doc. 20.] Petitioner Barkley timely objected to the Magistrate Judge's report. After conducting an independent review of the petition, the Court finds no merit in Barkley's objections and dismisses Barkley's petition for a writ of habeas corpus.

### I. Procedural Background

a. Criminal Conviction & Direct Appeal

On September 6, 2000, and after a bench trial, the Summit County Court of Common Pleas ("Summit County Court"), convicted Barkley of abduction with a firearm specification and one count of aggravated robbery also with a firearm specification and a specification that he was a repeat offender. On September 21, 2000, Barkley timely appealed to the Ohio Ninth District Court of Appeals. He raised the following assignments of error:

I. The conviction of the Appellant for the charge of aggravated robbery and abduction in this case is against the manifest weight of the evidence and should be reversed.

II. The trial court incorrectly denied Appellant's motion for acquittal in violation of Criminal 1 Rule 29;

specifically, there was not sufficient evidence to prove the offense of aggravated robbery and abduction beyond a reasonable doubt.

III. It was prejudicial error for the trial court to convict Appellant of repeat violent offender specification absent proof beyond a reasonable doubt.

On May 23, 2001, the Summit County Court of Appeals affirmed the judgment in part and reversed it in part. Specifically, the appellate court reversed the aggravated robbery conviction and the application of the repeat violent offender specification on the abduction conviction. On June 29, 2001, following remand, the Summit County Court resentenced Barkley to three years imprisonment for the abduction conviction and three years for the firearm specification. The Court ordered Barkley to serve the sentences consecutively.

b. Motion for Delayed Appeal

On August 29, 2001, Barkley filed both a notice of appeal and a motion for delayed appeal with the Ohio Supreme Court. With that filing, Barkley argued that "he was unavoidably prevented from filing an appeal because he was never notified of the decision by the Court of Appeals by his court-appointed appellate counsel." On October 10, 2001, the Ohio Supreme Court denied the motion and dismissed the case.

c. Petition for a Federal Writ of Habeas Corpus

On May 23, 2002, pursuant to 28 U.S.C. § 2254, Barkley filed a petition for a writ of habeas corpus with this court. With his petition, Barkley seeks habeas corpus relief to overturn his abduction conviction.

Having set forth the procedural background of the case, the Court now summarizes the legal arguments.

## II. Summary of Legal Arguments

With his habeas petition, Barkley makes one claim for habeas relief. He alleges that Ohio violated the Fourteenth Amendment. Specifically, he says that since the Ninth District Court overturned the robbery conviction, no sufficient evidence exists for a rational fact finder to find him guilty of abduction. He claims that the reversal of the robbery conviction bars the abduction conviction.

In his report, the Magistrate Judge recommends dismissing Petitioner Barkley's writ of habeas corpus because Barkley procedurally defaulted his habeas claim. He further concluded that Barkley does not show cause sufficient to excuse the procedural default. Alternatively, the Magistrate Judge recommends that the Court dismiss Barkley's petition on the merits. Specifically, he found that the state appellate court's ruling on the sufficiency of the evidence supporting the abduction conviction did not involve an unreasonable application of clearly established federal law. The Magistrate Judge also concluded that the state appellate court did not unreasonably determine the facts in light of the evidence presented.

Barkley timely objected to the Magistrate Judge's report on several grounds. First, he says that he did not procedurally default his habeas claim. As support for this contention, he alleges that the Ohio Supreme Court did not state in its entry that it was denying Barkley's motion for a delayed appeal on procedural grounds. Barkley further claims that his motion for a delayed appeal was a discretionary appeal. Therefore, he says that the Ohio Supreme Court, in denying the motion, had to determine its jurisdiction and reach the merits of the claim. Next, Barkley argues that Ohio courts do not consistently apply the denial of a motion for delayed appeal as a procedural bar. Therefore, he contends that the state procedural ground is not adequate.

In the alternative, Barkley asserts that even if he procedurally defaulted his claim, cause exists to overcome the default. Specifically, he alleges that his ineffective assistance of appellate counsel claim is sufficient cause to excuse the default. Finally, he claims that a miscarriage of justice would result if the Court found that he had procedurally defaulted his claim.

Barkley also challenges Judge Perelman's finding that the Court of Appeals' decision neither was contrary to nor involved an unreasonable application of established federal law. Specifically, he says that the Court of Appeals based its decision on an unreasonable determination of the facts because it relied on the testimony of Daniel Burch after it expressly discounted Burch's credibility. Barkley also claims that the trial court violated his constitutional rights when it found that the privilege doctrine did not excuse his actions. Therefore, he says that his actions did not constitute abduction.

The Court now reviews Magistrate Judge Perelman's report and recommendation *de novo*. *Flournoy v. Marshall*, 842 F.2d 875, 875–76 (6th Cir.1988).

## III. Discussion

Petitioner Barkley bases his opposition to the Magistrate Judge's report and recommendation on six grounds. First, he claims that he did not procedurally default his habeas claim because the Ohio Supreme Court did not base its denial of his motion for a delayed appeal on procedural grounds. Barkley next argues that even if the Ohio Supreme Court did base its decision on a procedural ground, the ground is not adequate because Ohio courts do not consistently apply it as a procedural bar. In the alternative, he alleges that cause exists to overcome the procedural default. As a final objection to the procedural de-

fault finding, Barkley asserts that a miscarriage of justice would occur if the Court concludes that he procedurally defaulted his claim.

Barkley also objects to the Magistrate Judge's finding that absent the procedural default, his petition fails on the merits. Specifically, he disagrees with Judge Perelman's conclusion that the Ohio appellate court did not base its decision on an unreasonable determination of the facts. Finally, he contends that he is not guilty of abduction because the privilege doctrine applies to his actions.

For the following reasons, the Court agrees with the Magistrate Judge's recommendation and rejects petitioner's arguments.

### A. Procedural Default

█ Before a federal court may review a federal claim raised in a habeas petition, it must first determine whether the petitioner has exhausted the remedies available to him in state court. *See* 28 U.S.C. § 2254(b)(1). If a petitioner does not present a federal habeas claim to a state court for adjudication, then he has not exhausted the claim and it may not properly serve as the basis of a federal habeas petition. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

As explained above, Barkley has pursued all opportunities for relief at the state level. Barkley has thus exhausted all state remedies.

█ The procedural default doctrine is distinct from the exhaustion doctrine. Where one presents a claim to a state court, and the state court rejects the claim on an adequate and independent state ground without an adjudication on the merits, the petitioner has procedurally defaulted the claim. *Wainwright*, 433 U.S. at 87, 97 S.Ct. 2497. Under the procedural default rule, a federal court may not

hear an issue to which the state appellate court applied a procedural bar absent a showing of cause and prejudice. *Id.*

The Sixth Circuit uses a four-step analysis to determine whether a claim is procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir.1986). Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39.

█ The Court now examines whether Barkley procedurally defaulted his habeas claim.

#### 1. Failure to Comply With Applicable State Procedural Rule

Under the first element of the *Maupin* analysis, the Court determines whether the petitioner failed to comply with an applicable state procedural rule. Here, Barkley failed to timely appeal the decision of the Summit County Court of Appeals to the Ohio Supreme Court. Under Rule II, Section 2(A)(1)(a) of the Ohio Supreme Court Rules, a party has 45 days from the entry of the judgment appealed from to file a notice of appeal with the Ohio Supreme Court. Ohio S.Ct. R. II § 2(A)(1)(a). Unless otherwise excused, Barkley's failure to appeal to the Ohio Supreme Court results in a failure to exhaust available state remedies. Under Ohio law, the Ohio Supreme Court allows delayed appeals in some cases. If a party does not file a timely appeal, he may file a motion for a delayed appeal under Supreme Court Rule II, Section 2(A)(4)(a). Ohio S.Ct. R. II § 2(A)(4)(a). On May 23, 2001, the appellate court issued its decision

Barkley failed to file a timely notice of appeal with the Ohio Supreme Court. On August 29, 2001, he instead filed a motion for a delayed appeal with the Ohio Supreme Court. Therefore, Barkley did not comply with the Ohio procedural rule governing the filing of a timely appeal.

### 2. State Court Enforcement of State Procedural Sanction

The second prong of the procedural default analysis is to determine if the state courts actually enforced the state procedural sanction. Barkley argues that the Ohio Supreme Court did not enforce the procedural bar for two reasons. First, he says that the Ohio Supreme Court did not enforce the procedural rule because it did not expressly state in its denial of his motion for a delayed appeal that a procedural bar applied to the claim. Second, Barkley argues that the Ohio Supreme Court reached the merits of his claim instead of relying on the procedural bar. For the reasons discussed below, both arguments fail.

### a. No Express Statement that Claim Barred by Procedural Default

On October 10, 2001, the Ohio Supreme Court denied Barkley's motion for a delayed appeal. In its entry denying Barkley leave to file a delayed appeal, the Ohio Supreme Court said:

> This cause is pending before the court as a discretionary appeal and a claimed appeal of right. Upon consideration of appellant's motion for delayed appeal, IT IS ORDERED by the Court that the motion for delayed appeal be, and hereby is, denied. ACCORDINGLY, IT IS FURTHER ORDERED by the Court that this cause be and hereby is, dismissed.

*State v. Barkley*, 93 Ohio St.3d 1450, 756 N.E.2d 114 (2001). Barkley argues that he did not procedurally default his claim because the Ohio Supreme Court did not

expressly say that he did. The Court disagrees.

First, the Ohio Supreme Court Rules of Practice show that a denial of a request for a delayed appeal is based on procedural grounds. Rule II, Section 2(A)(4) of the Rules of Practice of the Ohio Supreme Court provides:

> In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. The motion shall state the date of entry of the judgment being appealed and adequate reasons for the delay. Facts supporting the motion shall be set forth in an affidavit. A copy of the decision being appealed shall be attached to the motion.

Ohio S.Ct. R. II § 2(A)(4). Further, Rule II, Section 2(A)(c) states: "If the Supreme Court grants a motion for delayed appeal, the appellant shall file a memorandum in support of jurisdiction within 30 days after the motion for delayed appeal is granted." Conversely, one filing a timely notice of appeal must accompany it with a memorandum in support of jurisdiction. Ohio S.Ct. R. II § 2(A)(1). By its very nature, a denial of a motion for leave to file a delayed appeal is a denial solely on procedural grounds even if the court does not expressly cite the procedural bar in its denial. Second, courts have held that a denial of a request for a delayed appeal is a procedural default without merits review. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (holding that a state prisoner fails to comply with an independent and adequate state procedural rule when he fails to file a timely appeal); *Hall v. Huffman,* 234 F.3d 1268 (6th Cir.2000), *unpublished; Shabazz v. Ohio,* 149 F.3d 1184, 1998 WL 384559, *1 (6th Cir.1998); *Ginyard v.*

*Leonard,* No. C–3–01–343 (S.D.Ohio Jan. 22, 2002). Therefore, in Ohio, a denial of a motion for delayed appeal constitutes a procedural default without merits review.

### b. Ohio Supreme Court Did Not Reach Merits of Claim

Beyond arguing that the Ohio Supreme Court did not expressly base its denial on procedural grounds, Barkley also argues that the Ohio Supreme Court reached the merits of his claim in denying his motion. As support for this assertion, he says that his appeal was discretionary. Therefore, he claims that the Ohio Supreme Court had to reach the merits of his claim to determine its jurisdiction.

The Court disagrees. First, the Ohio Supreme Court only treats a motion for a delayed appeal as a discretionary appeal if it grants the motion. Further, the Supreme Court decides whether to allow the appeal pursuant to Ohio S.Ct. R. III. Section six of this rule says that the Court will "decide [a] case on the merits" only after it has allowed the appeal. Ohio S.Ct. R. III § 6. The Rule further states that if the appeal is a discretionary appeal involving a felony, the Court will do one of the following:

> (B) (1) Deny leave to appeal, *refusing jurisdiction to hear the case on the merits;*
>
> (2) Grant leave to appeal, allowing the appeal, and either order the case or limited issues in the case to be briefed and heard on the merits or enter judgment summarily.

Ohio S.Ct. R. III. § 6 (emphasis added). Therefore, when the Ohio Supreme Court denies a motion for a delayed appeal, it does not reach the merits.

### 3. Independent and Adequate Ground

The third prong of the *Maupin* analysis is determining whether the state procedural bar is an adequate and independent ground on which the state can rely to foreclose review of a federal constitutional claim. Barkley's failure to file a timely appeal is an adequate and independent ground on which the state can rely to foreclose review. *County Court of Ulster County, New York v. Allen,* 442 U.S. 140, 148, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). Barkley, however, argues that the denial of his motion for leave to file an appeal is not an adequate state ground because he says that Ohio courts do not consistently apply a denial of this type as a procedural bar.

The argument fails. The Ohio Supreme Court Rules of Practice clearly show that a denial of a motion for delayed appeal is a procedural denial. Further, Ohio cases appear to have consistently held such a denial to be a procedural bar. *See, e.g., Hall,* 234 F.3d 1268; *Shabazz,* 149 F.3d 1184, 1998 WL 384559 at *1; *Ginyard,* No. C–3–01–343 (S.D.Ohio Jan. 22, 2002). Barkley cites no case law or other legal authority to the contrary.

### 4. Cause and Prejudice

Since all three prongs of the procedural default analysis exist here, the procedural default rule bars this claim from federal habeas review unless Barkley can show cause and prejudice to excuse the procedural default. *Reed v. Farley,* 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).

### a. Cause

■ Barkley argues that his ineffective assistance of appellate counsel claim is cause for the procedural default of his other claim. For Barkley's ineffective assistance of counsel claim to serve as cause to overcome his procedural default of another claim, the ineffective assistance claim itself must not be subject to procedural default. " 'A claim of ineffective assistance' . . . generally must 'be presented to the state courts as an independent claim before it may be used to establish cause

for a procedural default.'" *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

■ Attorney error amounting to ineffective assistance of counsel does constitute cause within the cause and prejudice doctrine. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). However, attorney error cannot constitute cause where the error caused a petitioner to default in a proceeding in which the petitioner was not constitutionally entitled to counsel, including a discretionary appeal. *Coleman*, 501 U.S. at 751–53, 111 S.Ct. 2546. The constitutional right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (stating "Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals.... Ineffective assistance on a discretionary appeal or in a post-conviction proceeding, both of which are proceedings in which there is no constitutional right to counsel, cannot constitute cause for a procedural default.") (citations omitted); *Ross v. Moffitt*, 417 U.S. 600, 609–10, 94 S.Ct. 2437, 2443–44, 41 L.Ed.2d 341 (1974); *State v. Mapson*, 41 Ohio App.3d 390, 391, 535 N.E.2d 729, 730 (1987). Barkley had no constitutional or state right to counsel on his discretionary appeal to the Ohio Supreme Court. Consequently, at the time Barkley's counsel failed third-party to file an appeal to the Ohio Supreme Court, he was not entitled to counsel. Therefore, *ineffective assistance of counsel cannot excuse the procedural default.*

Barkley's ineffective assistance of counsel claim also fails to establish cause for the default because Barkley failed to properly present this claim as an independent claim to the state courts. In *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), the Ohio Supreme court held that claims of ineffective assistance of appellate counsel should be raised in a motion for reconsideration before the Ohio Court of Appeals. *Id.* at 65, 584 N.E.2d at 1208. The court stated that if "the time periods for reconsideration in courts of appeals and direct appeal to [the Ohio Supreme Court] have expired, [a defendant] must ... apply for delayed reconsideration in the court of appeals where the alleged error took place pursuant to App. R. 26 and 14(B)." *Id.* at 1209. Barkley never raised his claim of ineffective assistance of counsel claim to the Summit County Court of Appeals. Having failed to utilize state remedies, he has not exhausted available state remedies and has not established cause for this failure.

Because Barkley failed to present this claim as an independent claim to the state courts, it cannot constitute cause for Barkley's procedural default of his habeas claim. *Edwards*, 529 U.S. at 453, 120 S.Ct. 1587.

### b. Prejudice

When a petitioner fails to show cause "for not asserting his ineffective assistance of appellate counsel claim properly in the Ohio courts, a federal court may not reach the merits of the *habeas* claim." *Coleman v. Mitchell*, 244 F.3d at 540. Therefore, because Barkley fails to show cause, the Court does not consider whether prejudice exists.

### c. Miscarriage of Justice

■ Beyond asserting that his ineffective assistance of counsel constitutes cause for his procedural default, Barkley says that the miscarriage of justice exception to procedural default applies. Under this exception, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal

habeas corpus court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray,* 477 U.S. at 496, 106 S.Ct. 2639. A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented in his habeas petition. *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808.

A review of the record shows that the evidence sufficiently supports the state courts' determination of Barkley's guilt. Barkley acknowledges that he sufficiently detained victim Burch to sustain a conviction of abduction. However, Barkley says his handcuffing of Burch was privileged. He says Burch attacked him and he handcuffed Burch in self-defense. But while Burch's testimony was somewhat inconsistent, it was sufficient to support Barkley's guilt. Specifically, Burch testified that Barkley handcuffed him because he "wanted the [gambling] money" that Burch owed Barkley. Barkley admits that Burch owed him money.

Further, Melissa Hargrove's testimony supported Barkley's guilt. She stated that she had been at Burch's house with Burch, Barkley, and Herring while they were gambling. She left to go to the store. While out, she called Burch on the telephone. During the conversation, Hargrove became alarmed because she heard "fear in his [Burch's] voice." Therefore, she called the police. Burch's testified similarly about the phone call, adding that he was handcuffed at the time of the call. This testimony is sufficient for a reasonable juror to convict Barkley. Therefore, Barkley's miscarriage of justice claim fails.

### B. Contrary to or Unreasonable Application of Established Federal Law

Besides objecting to the procedural default finding, Barkley also contends that the Magistrate Judge erred in his conclusion that the Court of Appeals' decision was not contrary to or involved an unreasonable application of established federal law. This argument relates to the Magistrate Judge's findings on the merits of the habeas petition. This Court, however, does not reach the merits of the petition because it finds that Barkley procedurally defaulted his habeas claim.

In sum, this Court finds that Barkley procedurally defaulted his habeas claim. The petition is therefore subject to dismissal. Accordingly, the Court does not reach the merits of the petition and does not address the Magistrate Judge's findings on the merits.

### IV. Conclusion

For the reasons discussed above, the Court adopts the Magistrate Judge's recommendation and denies Petitioner Barkley's petition for habeas corpus.

IT IS SO ORDERED.