MEMORANDUM OPINION
{¶ 1} This matter is before this Court on the pro se motion of appellant, Raymond S. Anderson, to file a delayed appeal. Along with his motion, appellant filed his notice of appeal on June 2, 2006. Appellant is appealing the trial court's April 25, 2006 judgment denying his motion to vacate an illegally imposed sentence per R.C. 2953.21. Thus, appellant's appeal is untimely pursuant to App.R. 4(A).
 {¶ 2} No brief or memorandum in opposition to appellant's motion has been filed.
 {¶ 3} App.R. 5(A) applies to criminal appeals and provides a defendant with an opportunity to file an appeal after the expiration of the thirty-day period allowed by App.R. 4(A). However, App.R. 5(A) is only applicable in criminal cases or, in other words, when a direct appeal is taken from a sentencing judgment. This is a post-conviction appeal. Post-conviction proceedings are civil in nature and are not considered criminal proceedings. State v. Mapson (1987), 41 Ohio App. 3d 390. An App.R. 5(A) delayed appeal is not available in an appeal of a post-conviction relief determination. State v. Nichols (1984),11 Ohio St.3d 40, 42; State v. Milanovich (1975),42 Ohio St.2d 46, 49.
 {¶ 4} The time requirement for filing a notice of appeal is jurisdictional and may not be enlarged by an appellate court.State ex rel. Pendell v. Adams Cty. Bd. of Elections (1988),40 Ohio St.3d 58, 60; App.R. 14(B).
 {¶ 5} Accordingly, appellant's motion for delayed appeal is overruled, and the appeal is hereby dismissed pursuant to App.R. 4(A).
 {¶ 6} Parenthetically, we note that a viable remedy for Appellant to utilize, rather than filing a motion for delayed appeal from the May 6, 2005 judgment denying him post-conviction relief, would be to file a motion for delayed appeal from his conviction and sentence of October 28, 2004. As part of this new motion, Appellant would have to provide a reasonable explanation as to why he failed to appeal that particular judgment in a timely manner. Under such circumstances, this Court could determine whether the reasons presented in the motion were justified in delaying his direct appeal, and, if the reasons were justified, this Court could grant the delayed appeal and appoint counsel.
Grendell, J., O'Toole, J., concur.