OPINION
{¶ 1} This matter is on appeal of the trial court's denial of appellant's motion for resentencing. Appellee is the State of Ohio.
 STATEMENTS OF FACT AND CASE {¶ 2} On October 4, 2002, a Morgan County grand jury indicted appellant, Jackie Church, on one count of attempted aggravated murder in violation of R.C. 2903.01 and one count of felonious assault in violation of R.C. 2903.11, both with firearm specifications, and one count of menacing by stalking in violation of R.C. 2903.211. The charges arose from a shooting incident involving Kristy Hooper.
 {¶ 3} On July 8, 2003, appellant pleaded guilty to attempted murder and felonious assault and the firearm specifications. By sentencing entry filed September 23, 2003, the trial court sentenced appellant to an aggregate term of 19 years in prison. Upon remand by this Court for transcript irregularities, the trial court re-sentenced appellant on November 4, 2004, to the same 19-year term.
 {¶ 4} On June 14, 2005, this Court affirmed in part and reversed in part the trial court's re-sentencing entry of November 4, 2004. The matter was remanded to the trial court for further specification as to the amount of restitution.
 {¶ 5} On April 7, 2006, pursuant to the remand of this Court, the trial court issued a judgment which set forth the specific amount of restitution owed by the appellant.
 {¶ 6} On November 2, 2007, appellant filed a pro se motion titled, "Motion for Re-sentencing on Void Judgment and/or Appearance of Lack of Final Appealable Order." In the pro se motion for re-sentencing the appellant argued that his *Page 3 
constitutional rights were violated because the indictment was insufficient in that it stated that he was being charged with a "first degree felony" when in fact he had entered a plea to a second degree felony. It appears that he argued that this failure to properly state the degree of the felonious assault offense divested the trial court of subject matter jurisdiction and thereby his guilty plea had not been made knowingly, intelligently and voluntarily. On December 11, 2007, the appellee filed a timely response in opposition.
 {¶ 7} On December 12, 2007, the trial court summarily denied the appellant's motion for re-sentencing without an oral hearing. It is from this judgment that appellant seeks to appeal pursuant to his notice of appeal filed on January 16, 2008.
 {¶ 8} In his brief sets forth the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR RESENTENCING ON VOID JUDGMENT AND/OR APPEARANCE OF FINAL APPEALABLE ORDER.
 {¶ 10} "II. THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S PLEA TO COUNT TWO OF THE INDICTMENT BECAUSE THE INDICTMENT WAS DEFECTIVE.
 {¶ 11} "III. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO DEAL WITH EACH AND EVERY CHARGE PROSECUTED AGAINST THE DEFENDANT AND ABUSED ITS DISCRETION IN DENYING THE DEFENDANT'S MOTION FOR RESENTENCING ON VOID JUDGMENT AND/OR APPEARANCE OF LACK OF FINAL APPEALABLE ORDER PURSUANT TO CRIM. R.32 (C)." *Page 4 
 {¶ 12} Before we entertain the assignments of error, we must first determine whether appellant has timely perfected his appeal and invoked the jurisdiction of this Court.
 {¶ 13} In this case, appellant was convicted and sentenced in July of 2003, and exercised his right to a first appeal. Appellant now seeks to appeal the trial court's denial of his pro se, post conviction motion for re-sentencing from what appellant alleges is a void judgment of conviction.
 {¶ 14} Although the trial court does not specify, the appellant's motion for re-sentencing was effectively a motion for post conviction relief pursuant to R.C. 2953.21. "R.C. 2953.21 (J), part of the post conviction relief statutory scheme, provides that `Subject to the appeal of a sentence for a felony that is authorized by section 2953.08 of the Revised Code, the remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * *.'"State v. Bush, 96 Ohio St.3d 235, 238, 2002-Ohio-3993, 773 N.E.2d 522. Accordingly, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post conviction relief as defined in R.C. 2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158,1997-Ohio-304, 679 N.E.2d 1131, syllabus.
 {¶ 15} The post conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. Therefore, post-conviction proceedings are civil in nature and are not considered criminal proceedings. State v. Mapson (1987), 41 Ohio App.3d 390,535 N.E.2d 729. As such, an App.R. 5(A) delayed appeal is not *Page 5 
available in an appeal of a post conviction relief determination.State v. Nichols (1984), 11 Ohio St.3d 40, 42, 463 N.E.2d 375; State v.Milanovich (1975), 42 Ohio St.2d 46, 49, 325 N.E.2d 540.
 {¶ 16} Therefore, in order to perfect an appeal from a civil judgment denying post conviction relief, a party must file a notice of appeal as required by App. R. 3 "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure." App. R. 4(A). The thirty (30) day time requirement for perfecting an appeal is jurisdictional in nature and may not be enlarged by an appellate court. State ex rel. Pendell v. Adams Cty. Bd. ofElections (1988), 40 Ohio St.3d 58, 531 N.E.2d 713. App.R. 14(B).
 {¶ 17} In this case, the trial court's judgment denying appellant's motion for re-sentencing (i.e. motion for post conviction relief), was filed on December 12, 2007. Appellant filed his notice of appeal thirty-five (35) days later on January 16, 2008. In appellant's merit brief, he acknowledges that the appeal is untimely and sets forth reasons for the delay.[1] However, appellant's explanation does not cure his failure to properly pursue an appeal from the trial court's civil judgment. *Page 6 
 {¶ 18} Upon review, we find appellant's appeal to be untimely filed. This Court cannot address the merits of appellant's untimely appeal. Accordingly, this matter is hereby dismissed for lack of jurisdiction.
 Edwards, J., Gwin, P.J. and Farmer, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morgan County Court of Common Pleas is dismissed. Costs assessed to appellant.
[1] Appellant states as follows: "Failure to execute a timely direct appeal is due to the holiday season wherein the Administrative Correctional Facility staff required to process cash slips for copying court motions and other pertinent documents were not at work. Thus, by the time of their return, time requirements were expended at no fault to Defendant-Appellant" (Page "1" of appellant's brief) *Page 1